JESSE SCOTT *v.* NATHANIEL CURTIS AND H. M. CURTIS.

*Privilege from arrest.*

The statute exemption of a party from arrest, (Comp. Stat., chap. 34, § 17,) applies only to parties in civil suits, and does not extend to a respondent in a criminal prosecution.

ACTION ON THE CASE.   The defendant, Nathaniel Curtis, plead in abatement that the writ was served upon him by arresting his body and holding him to bail, at a time when he was attending a justice court, as party respondent to a state prosecution, on the complaint of the state's attorney of Washington county against him, which was then on trial before the justice, &c.,—that by the laws of the state he was privileged from arrest while going to, attending and returning from said justice court,—that he made known his privilege at the time of his arrest, &c.   The plaintiff replied that, at the time of the service of the writ, the defendant was in the custody of the officer, who had arrested him on the warrant issued upon the complaint of the state's attorney, from which he had not been discharged at the time of the service of said writ, &c.   The defendant rejoined that he did not accept service of said writ in any way or manner whatever.   To this rejoinder the plaintiff demurred, and the defendant joined in the demurrer.   The county court, March Term, 1855,—POLAND, J., presiding,—rendered judgment that the writ abate.   Exceptions by the plaintiff.

*Peck & Colby* and *Merrill & Willard* for the plaintiff.

The common law privilege from arrest *eundo, morando et redeundo* does not reach this case: *Williams* v. *Bacon,* 10 Wend. 636; *Moreland* v. *Sanford & Clark,* 1 Denio, 660; *Goodwin* v. *Lerdon,* 28 C. L. R. 106; *Key* v. *Latto,* Liv. Law Mag. for July, 1854, p. 472; 11 U. S. Dig. p. 38, No. 14; Tidd's Practice, 306.

Our statute is nothing more than an affirmance of the common law: Comp. Stat., chap. 34, § 17; 2 Black. Com. 289; 1 Sellon's Prac. 122; Tidd's Prac. 173.

The defendant's rejoinder is a departure in the pleading.

*Vail, Dillingham, Smith* and *Briggs* for the defendant.

The arrest of the defendant was illegal: Comp. Stat. 275, § 17. The privilege from arrest, having been claimed, may be plead in abatement: Comp. Stat. 252, § 73; *Washburn* v. *Phelps,* 24 Vt. 506.

A state prosecution before a justice is a *cause pending before a court,* within the meaning of the statute.

The opinion of the court was delivered by

REDFIELD, CH. J. The question made in the present case is in regard to the extent of the privilege from arrest of parties in court. It seems to be conceded, as it must be, that the privilege, at common law, only extended to the party to civil suits,—and this privilege, as defined in the elementary books, is found to be expressed, in much the same terms, used in our statute, § 17, chap. 34, Comp. Stat., " any party or witness in any cause pending before " any court in this state, or before auditors, referees, &c." The terms used are, no doubt, broad enough to justify the court in extending them to criminal proceedings, which may be regarded as a cause in court, for most purposes. But the form of expression, in the statute, more naturally applies to suits between party and party, in civil proceedings, and we know that, this privilege of going to court and staying there till the cause is tried, or disposed of, and then returning home, without molestation, is given in order to relieve the party, in civil proceedings, who go and come at will, to enable them to do this without embarrassment or apprehension. This privilege, as every one may see at a glance, has no proper application to one who is under arrest upon a criminal proceeding,

and goes by compulsion, and is detained in the same manner. A liability to arrest has no effect to embarrass such an one's movements. And the exemption from arrest in returning home, is never allowed, but for the sake of enabling the party to go and stay freely, without any apprehension, even in regard to his return. And, there seems no necessity for any such relief, to the mind of any one, who does not come or stay voluntarily.

Upon the whole view of the case, then, we incline to the opinion that it was not the purpose of the legislature, and that the statute should not be regarded or construed as extending this privilege beyond its operation at common law; and that it must still be confined to suits between party and party, in civil proceedings, or trials before auditors, referees and arbitrators, which last are not named by the statute in terms.

Judgment reversed. Judgment that the rejoinder is insufficient, and that defendant answer over.