## WILLIAMS vs. BACON.

*It is no cause for setting aside an arrest on a* capias *under an order to hold to bail, that the defendant was brought into this state as a fugitive from justice.*

*It seems, however, that had the criminal proceeding been a mere pretext to bring the defendant within the jurisdiction of the court for the purpose of proceeding against him* civiliter, *that the defendant would have been discharged.*

March 6.　THE defendant, charged with having obtained goods by *false pretences*, was arrested as a *fugitive from justice* in the state of Massachusetts, by virtue of a precept of the governor of that state, upon the requisition of the governor of this state ; he was brought into this state and delivered to the sheriff of Oneida county on the 5th April last. On the 17th of the same month he was tried and acquitted. While in the custody of the sheriff, and previous to his trial, he was arrested on five writs of *capias ad respondendum* in actions founded upon contract, and was detained thereon after his acquittal. He sued out a *habeas corpus*, and on the 4th May was discharged from custody by a commissioner. Whilst the subject was under advisement before the commissioner who issued the *habeas corpus*, the attorney for the plaintiff in this cause, who had issued one of the five writs upon which the defendant had been arrested, sued out the *capias* in this cause and obtained *an order to hold to bail*, on which last capias the defendant was arrested, after he was set at large under the *habeas corpus*. A motion was now made to set aside the *capias* last issued, and the arrest under it.

ALBANY,
March, 1834.

Williams
v.
Bacon.

*J. A. Spencer* moved for the discharge of the defendant under the practice of courts discharging *suitors* and witnesses when arrested while going to, attending at and returning from courts; he insisted that to allow a party circumstanced like the defendant to be arrested on *civil process* would lead to great abuse, as under the pretence of a criminal charge he might be dragged from one extremity of the country to the other, and then, when away from his friends and home, incarcerated in a prison for a civil demand, for the want of bail. Besides, he urged that the arrest of the defendant under civil process was a *breach of public faith.* On the requisition of the governor of this state, under the constitution and laws of the United States, he had been delivered up by the governor of another state to answer to a *criminal charge ;* not to be subjected to arrests here on *civil process.*

*J. Edwards,* contra.

*By the Court,* NELSON, J. It is well settled in England that a person in custody of the marshal or sheriff on a *criminal charge,* before or after conviction, is subject to a *civil action,* if leave of the court or of a judge in vacation is first granted. 1 *Chitty's Cr. L.* 661. *Foster's Cr. L.* 61, 2. *Tidd's Pr.* 306. 2 *Archb. Pr.* 122. 2 *New. R.* 245. The defendant is not within the rule privileging *suitors* and witnesses from arrest whilst going to, attending at or returning from court; for if so, the rule allowing criminals in custody to be charged in civil actions in the usual way would not have been established, for the *privilege* would have been an answer to the suit. It would be unjust and unreasonable to extend this privilege to cases of this kind ; for it must continue, if it exist at all, during the whole period of the criminal custody ; it might and would lead to great abuse. There is no pretence that the criminal proceeding in this case was a mere pretext to bring the defendant within the jurisdiction of the court for the purpose of proceeding against him *civiliter.* The argument of the defendant's counsel in this particular is not sup-

ALBANY,
March, 1834.

General Rules.

ported by the facts of the case. Had such fact appeared, the defendant would have been discharged. As it is, the motion is denied, with costs.

[END OF NON-ENUMERATED CASES.]

## GENERAL RULES.

(ADOPTED JANUARY TERM, 1834.) .

I. In all cases in which parties are required to submit causes originating in a justice's court on points or briefs, if the cause be called on the calendar and only one of the parties appears, the proof or admission of notice shall be filed, and the party appearing shall, on the second Friday of term, have a rule entered for affirmance, reversal, or whatever else he may be entitled to, provided the opposite party shall not previous to that day have submitted points or a brief on his side ; and further, although such causes be not called on the calendar in their regular order, either party shall be at liberty on the second Friday of term, on filing proof or admission of notice, to move for such judgment as he may be entitled to, which judgment shall be accordingly entered, unless the opposite party do forthwith appear and submit his points or brief—the rule specifying that no one appeared to oppose.

II. When a rule is obtained, either at a general or special term, by default, the counsel obtaining the same shall endorse his name as counsel on the paper containing the proof or admission of notice, and the clerk in entering the rule shall specify the name of such counsel.