## LUCAS vs. ALBEE.

A defendant after being tried and convicted in a court of special sessions for an assault and battery, is not privileged *redeundo*, from arrest on a *capias* in a civil suit for the same offence.

Though an order to stay proceedings with a view to a motion is inoperative, unless a notice of motion is also served, yet where such an order, served upon a sheriff, recited that a motion was intended, and it was followed by a notice of motion served on the attorney the next day, the order was held operative on the sheriff at the time it was served on him.

MOTION to set aside an order made by a supreme court commissioner, by which he vacated a former order made by him to hold to bail.

The defendant was arrested by the sheriff of Columbia county and committed to jail on the 20th June, 1845, on the *capias* in this cause, upon which a supreme court commissioner had endorsed an order to hold to bail. The suit was for an assault and battery and false imprisonment, and the order for bail was granted upon the ground that the defendant was not a resident of this state. On the 23d of June, the commissioner vacated the order to hold to bail after hearing the parties pursuant to an order to shew cause. On that occasion it appeared that the defendant came from Massachusetts into this state and committed the alleged assault in Columbia county, and subsequently had some employment in Troy; that he was complained of for this assault before a justice of the peace of Columbia county, arrested, tried before a court of special sessions, where he was convicted and fined for the offence, and was arrested on the *capias* immediately after being discharged from the criminal proceeding.

Lucas *v.* Albee.

The commissioner held that he was privileged from arrest until he should have time to return home after the criminal trial. The plaintiff's attorney informed the commissioner that he should appeal from his order, and immediately applied to the recorder of Hudson upon affidavits detailing the facts for, and on the 24th of June obtained an order to stay proceedings on the last order made by the commissioner until the decision of the court upon this motion. The recorder's order with a copy of the affidavits on which it was granted was served on the under sheriff just after the service upon him of the commissioner's order and as he was about discharging the defendant, pursuant to that order. He persisted in discharging the defendant notwithstanding the recorder's order, having been indemnified for doing so. The plaintiff's attorney swears that he at the same time served on the under sheriff a notice of appeal from the commissioner's order, but the under sheriff in his affidavit says that such notice was not served, until after the defendant was discharged. The papers for this motion, including the recorder's order, were served on an attorney who had appeared for the defendant, the next day after he was discharged. The order of the recorder has a recital as follows: " The plaintiff is desirous of appealing and does appeal from said order, vacating the order of bail."

The motion stood over from the last motion day by consent.

*J. W. Bishop*, for the plaintiff.

*P. Gaul, Jr.* for the defendant.

*By the Court*, JEWETT, J. The defendant is not within the rule by which *suitors* and witnesses are privileged from arrest whilst going to, attending at, or returning from court. ( *Williams* v. *Bacon*, 10 *Wend.* 636.) And there is no ground to sustain the allegation that the criminal proceeding was resorted to, to bring him within the jurisdiction of this court for the purpose of proceeding against him *civiliter*. When arrested under the warrant the defendant was within the jurisdiction of this

court, and there is not, as I can discover, the slightest evidence that the plaintiff had by any means induced him to come into this state for any purpose. The order therefore vacating the former order to hold to bail was improperly granted.

It is insisted, however, that the appeal from that order should not be heard, on the ground that the defendant was regularly discharged from the arrest by the under sheriff pursuant to the order of the commissioner, before the order made by the recorder was operative on him. Strictly, an order staying proceedings with a view to the making a non-enumerated motion in a cause is not operative, unless accompanied with notice of a motion by the party obtaining it. (*Roosevelt* v. *Fulton*, 5 *Cowen*, 438.) But in this case the order staying proceedings with the affidavit on which it was founded, in which it was set out that the plaintiff had appealed from the last order made by the commissioner, was served on the under sheriff who had the custody of the defendant before he discharged him, followed with a formal notice of motion upon the under sheriff on the same day, as also a like notice with the papers on which the motion is founded upon the defendant's attorney, subsequently retained in the cause, on the following day. The sheriff would have been justified, and I think it was his duty to regard the order of the recorder staying the proceedings under the circumstances. He chose to receive indemnity and disregard it. The plaintiff was guilty of no *laches* in obtaining and serving the order to stay proceedings or in giving notice of motion.

The motion to vacate the order of the commissioner made the 24th of June last, vacating the order to hold to bail, must be granted.

Ordered accordingly.