## HARDENBROOK'S CASE.

*Supreme Court, First District;* `At Chambers, February,* 1859.

### ARREST.—WITNESS'S PRIVILEGE.

A witness whose attendance is voluntary, and not compelled by process, is not privileged from arrest while coming and going.

The witness attended on the trial, pursuant to subpœna, and was examined; on a subsequent day he attended at request of counsel.

*Held,* that his latter attendance was voluntary, and he was not privileged from arrest.

*Habeas corpus* to inquire into the detention of W. A. Hardenbrook, held in custody by the sheriff of the city and county of New York.

The prisoner had been arrested upon an attachment for nonpayment of alimony, required of him in an action of divorce, to which he was a party. He claimed privilege from arrest, on the ground that at the time of the arrest he was on his way to the trial of a cause before a referee, which he had been attending in the capacity of witness. He had originally attended, on a previous day, pursuant to a subpœna; but after having been examined and dismissed from the stand, he attended again on the day of his arrest, at the request of counsel, for the purpose of testifying further.

*H. A. Cram*, for the petitioner.

*A. R. Dyett*, opposed.

SUTHERLAND, J.—The appearance of Wm. A. Hardenbrook before the referee, on the 21st of January, 1859, as a witness in the action of Orr *a.* Hardenbrook, was entirely voluntary.

He had been duly subpoenaed to attend as a witness in that action, on the 16th of December, 1858. He appeared on the 16th of December, 1858, and his examination was commenced on that day, but not closed; the case was adjourned to the 21st of December, 1858, when his examination was continued, and he was dismissed from the stand, as the referee certifies.

The case was then adjourned to the 5th of January, 1859, on which day, the referee not appearing, the 21st of January, 1859, was appointed by the referee, or agreed upon by the parties, for the next meeting. On the 21st of January, 1859, Wm. A. Hardenbrook appeared, at the request of Mr. Cram, the counsel for the defendant, and was further examined. He was arrested at the office of Mr. Cram, about an hour previous to his appearance before the referee on the 21st of January.

Without examining or expressing an opinion upon any other point raised on the argument of this matter, I am of the opinion that Wm. A. Hardenbrook could not claim the exemption from arrest given, by 2d Revised Statutes, § 51, to a witness, duly and in good faith subpoenaed.

This exemption from arrest is the mere personal privilege of the witness, which he can waive. (15 *Barb.*, 28.)

I think the statute only extends to the witness the exemption when he is attending under the compulsion of a subpoena; and as in this case Mr. Hardenbrook's attendance as a witness before the referee, on the 21st of January, was entirely voluntary, he could not claim the exoneration from arrest given by the statute. His attendance on the 21st of January could not have been enforced by attachment.

Even before the Revised Statutes, it would appear that the exemption of voluntary witnesses from arrest was confined to voluntary foreign witnesses. (Norris *a.* Beach, 2 *Johns.*, 294; Sanford *a.* Chase, 3 *Cow.*, 381; Hopkins *a.* Coburn, 1 *Wend.*, 292.)

In Massachusetts it has been held that it is only when the witness is compelled, by due process of law, to attend, that he is entitled to protection from arrest. (*Ex parte* Daniel McNeil, 6 *Mass.*, 264.)

The prisoner must be remanded to the custody of the sheriff of the city and county of New York.