BACHARACH v. LAGRAVE, appellant.

ADRIANCE v. LAGRAVE, appellant.

*Arrest and bail — person extradited not subject to arrest in civil action — Waiver.*

Defendant was brought from France to the United States as a fugitive from
justice, under the extradition treaty existing between France and the United
States. He was arrested in a private civil action before he could return to
France, and while he was still in custody. After his arrest he gave bail.
*Held,* that the order of arrest should be vacated. A person extradited is enti-
tled to full liberty to return to his former habitation after the purposes of
justice are satisfied as to the particular offense, and an arrest in a private
action is inconsistent with that right. By giving bail the party does not
waive his right to have the order of arrest vacated.

APPEAL from an order denying defendant's motion to vacate an
order of arrest. The actions were brought by Herman Bacharach
and others against Alfred E. Lagrave and another, and by James
B. Adriance and others against the same defendant Lagrave and
another, for the alleged fraudulent obtaining and wrongful conver-
sion of certain goods and merchandise. It appeared that Lagrave,
a citizen of the United States residing in France, was brought
from France under the extradition treaty with this country to
answer an indictment for burglary in the third degree under the
statutes of New York. Lagrave was arrested in these actions on
his arrival in this country, and while still in custody. Lagrave
alleges that his extradition was the result of a fraudulent con-

spiracy on the part of the plaintiffs to get him into this country that he might be served with process in these actions. This the plaintiffs deny. A motion to vacate the orders of arrest was denied. Defendant Lagrave appealed.

*Charles W. Brooke*, for appellant, cited *Lagrave's Case*, 14 Abb. N. S. 336; *Windsor's Case*, Clark's Law of Extradition, 82.

*D. M. Potter* and *L. A. Gould*, for respondents. The defendant by giving bail waived all objections to the jurisdiction of the court. *Pixley* v. *Winchell*, 7 Cow. 366; *Coppernoll* v. *Ketcham*, 56 Barb. 113; *Petrie* v. *Fitzgerald*, 1 Daly, 405; *Ballouhey* v. *Cadot*, 3 Abb. N. S. 122; *Dix* v. *Palmer*, 5 How. 233; *Flynn* v. *Hudson R. R. R. Co.*, 6 id. 309; *Webb* v. *Mott*, id. 439; *Allen* v. *Malcolm*, 12 Abb. N. S. 335; *Murray* v. *Vanderbilt*, 39 Barb. 140; *Baxter* v. *Conklin*, 9 How. 445; *Dole* v. *Manley*, 11 id. 138; *Kelsey* v. *Covert*, 15 id. 92; *Ayres* v. *Western R. R. Co.*, 48 Barb. 133; *Quin* v. *Tilton*, 2 Duer, 648; *Quick* v. *Merrill*, 3 Cai. 132; *M'Kenster* v. *Vanzandt*, 1 Wend. 15; *Cooley* v. *Lawrence*, 12 How. 176. Defendant was brought into this State as a fugitive from justice; an order of arrest issued against him after he is so brought within the jurisdiction of the court, will not be set aside. *Williams* v. *Bacon*, 10 Wend. 636.

DANIELS, J. The defendant applied to have the order for his arrest vacated because he had been brought into the United States as a fugitive from justice, under the extradition treaty existing between this country and France. He was arrested under the order before he could return to France, and while he was still in custody. After such arrest he gave bail, and in that manner secured his discharge. This circumstance is now relied upon, by way of answer to his application, as a waiver of his right to the relief asked for. And many authorities are cited by the plaintiff's counsel holding that an appearance in the action, even though informal, will be attended with the effect of waiving irregularities in the means' made use of to bring the defendant into court. That principle, as a general proposition, is very well settled; but it does not follow from it that the defendant's application should be denied for that reason. What he particularly complains of now is, not the means or process by which he was brought into court, but the restraint imposed upon

his person by the order of arrest. And among all the authorities relied upon, but one in any way affects the consideration of that point, and that is the case of *Petrie* v. *Fitzgerald*, 1 Daly, 405. In that it was held that a party arrested on the way from court, which he had attended as such, waived his right to be discharged, on the ground of· his privilege, by giving bail in the action. This was held by the court as the result justified by the authorities, although very well-considered cases were referred to, inconsistent with that view. And the conclusion was sustained because the order was not assailed, but the arrest made under its authority at a time when it could not be enforced. Id. 407.

In the present case the order is assailed, not simply on the ground of a mere privilege, but because of the implied guaranty offered by the treaty that the defendant should be freely allowed to return to the country from whence he was brought, in pursuance of its provisions, for the sole and only purpose of being tried upon a specified criminal offense. Such a claim, it was held in the case of *Williams* v. *Bacon*, 10 Wend. 636, was not within the rule privileging suitors and witnesses from arrest while going to, attending at and returning from court. And while the application then made for the discharge of the order and the arrest under it were denied, it was not done because the right had been in any way jeopardized or lost by the proceedings taken in the case.

The provision of the Code upon this subject is comprehended in very general terms. It allows a party arrested on an order to apply on motion to vacate the order of arrest at any time before judgment, and even after that, where the arrest may be made less than twenty days before its recovery. Code, §§ 183, 204. These provisions contain no restriction as to the ground on which the application may be made, and the right secured by them is in no way rendered dependent upon the circumstance that no appearance may have previously been made in the action by the applicant; neither do they discriminate in any respect as to the grounds on which the discharge of the order may be applied for. The remedy is general in its nature; sufficiently so to include the protection of every possible right the defendant may be able to show in favor of his exoneration from the proceeding taken to arrest him; and, under its general nature, the motion may be made and maintained, whenever it can be successfully shown that no right to·the order and arrest, under the circumstances, existed, after bail has been given, even though

that may not be done in support of a mere personal privilege. Modern legislation in this State has been repeatedly changed for the purpose of facilitating the right of arrested parties to secure their discharge on bail, and afterward also by motion, where the right of arrest can be shown not to exist; and it is the duty of the courts to place no needless obstacle in the way of parties applying for the benefit of the provisions made in their favor, but to maintain and apply them in the spirit that has led to their enactment. Under these provisions no reason is apparent for including one case within them and excluding another. from them, where the party arrested can show a positive right to be set at liberty. They were enacted for the purpose of protecting persons in the complete enjoyment of that right when its existence can be satisfactorily maintained, without discrimination as to the peculiar reason on which it may appear to depend. Whether this should extend so far as to include the protection of a mere personal privilege, after bail has been given and a discharge secured in that manner, it is not designed at this time to decide. But where the law has secured an absolute right to exemption from arrest, the case is manifestly different, and within the protection of the provisions of the Code allowing the motion to be made after bail has been given.

The objection must therefore be considered and disposed of, which has been presented in the defendant's behalf, whether an order for his arrest was proper under the circumstances shown in support of the present application. It may be properly assumed, in the disposition of it, that he was a fugitive from justice, residing in the French republic, and only amenable to the laws of this State by force of the extradition remedy provided for by the treaty. Without the provision made, he could not have been brought here from that country ; and that provided that it could be done only in a prescribed and particularly enumerated class of cases. The effect of such a specification, according to well-settled principles of construction, is to exclude the remedy from all but the enumerated cases. As to those not mentioned, the negative is as effectually implied as though it had been expressly declared.

For that reason when the defendant was extradited it was for the purpose of answering the crime mentioned in the proceedings taken against him, and for no other purpose whatsoever. As to all other matters, being beyond the reach of the laws of this State he was absolutely entitled to his freedom. He was extradited for a single

Bacharach v. Lagrave.

special purpose, that of being tried for the crime for the commission of which he was removed from the protection of the laws of France. Beyond that he was entitled to the protection of those laws so far as his personal liberty would have been secured by them in case no removal of his person had been made. In the language of the treaty he was delivered "up to justice" because he was accused of one of the crimes which it ennumerated. 8 U. S. Stat. at Large, 582, art. 1; id. 617. And it was implied in his surrender that he should be at liberty to return again to France when the purposes of justice had been performed in the charge made against him. The nature of the treaty as well as good faith with the foreign power entering into it will permit of no other construction. That power consented by the provision made to surrender the person entitled in all other respects to its protection, for trial and punishment on a particularly specified charge; and for no other end or object whatsoever. Without the provision made he could not be extradited at all; and by that it can only be done for a clearly-defined object. And it therefore becomes the duty of the power to which the surrender may be made, faithfully to secure its proper observance. For some purposes that has been expressly provided by the act of congress requiring the president to take all necessary measures for the protection of the extradited person against lawless violence until the final conclusion of his trial for the crimes or offenses specified in the warrant, and until his final discharge from custody or imprisonment for or on account of such crimes or offenses, and for a reasonable time thereafter. 15 U. S. Stat. at Large, 337, § 1. It is true that this provision does not in terms include the present case, for it only extends to acts of lawless violence; but it is cogent evidence of the spirit of the obligation resting upon the public authorities to restrict the restraint imposed simply to the crime charged and mentioned in the treaty. The obligation is no greater to protect the party from lawless violence than it is to protect him from all other detentions of his person.

After the purposes of justice are satisfied as to the particular offense for which the party may be surrendered, then his right to return again to the protection of the laws he was deprived of for the single object allowed by the treaty is clear and absolute.

A different construction would involve consequences which no State having authority to protect its citizens or subjects would be willing to submit to; for it would allow embarrassments and hard-

ships that it could not be contemplated the authorities receiving them should be at liberty to inflict upon them. If the extradited person can be subjected to any further restraint than may appropriately appertain to the offense for which, under the terms of the treaty, he may be removed, he may be indicted and tried on criminal charges for which no surrender of his person could lawfully be required. And if that could be done, political offenders seeking refuge in one country could be returned on other charges and then subjected to trial on accusations of that character, contrary to the policy of all civilized countries. Our own citizens are deeply interested in maintaining a construction of treaty stipulations which will be sure to avoid such abuses. And if a detention and trial for another offense would not be proper, it would seem to be clear that an arrest of the person at the private suit of another must be denied by the same principle. It is a consequence arising out of the implication that as to all but the extraditable offense, the accused shall enjoy the unrestrained liberty of returning to the country from which he was taken by force of the treaty provisions. Any different construction would be entirely unreasonable, and no enlightened nation would be willing to submit to it. It would be an abuse of the power provided for, allowing extradition only for clearly defined and particularly enumerated charges, and by necessary implication limiting it to those charges. If the power of detention and restraint is extended beyond them, then there is no obvious limit to which it cannot be carried; and a person brought into the country under the treaty for one purpose may be detained here indefinitely for an entirely different purpose. No people are more interested in denying such a latitude of oppression than our own; for otherwise our citizens could be forcibly taken abroad upon one charge and detained there, on the abandonment of that, upon others for which their extradition would never be consented to or allowed.

The principle in the case is an important one, and it necessarily grows out of these treaty stipulations with other countries. They are part of the supreme law of the State, superior to those of its own enactment, by an express provision of the constitution of the United States. U. S. Const., art. 6, § 2. And it is the duty of the courts to maintain its observance. That cannot be done by allowing extradited persons to be arrested and restrained at the suits of private persons unless they elect to remain in the country after their dis-

Bacharach v. Lagrave.

charge from the proceedings provided for by the treaty. In the absence of such election the person is entitled to full liberty for the purpose of regaining his former habitation, and an arrest in a private action is entirely inconsistent with the preservation and enjoyment of that right. Process in no way interfering with that privilege may be properly sustained, but certainly nothing going beyond that.

The case of *Williams* v. *Bacon*, 10 Wend. 636, arising under the constitution and laws of the United States relating to the removal of offenders from one State to another, may not harmonize with the views here expressed. If it does not, then it must so far be regarded as unsound, as it may very well be. Certainly no other principle than that securing immunity from arrest for causes not provided for by the treaty, can either fairly or reasonably be deduced from its purposes and provisions; and if this authority is inconsistent with that idea, then it should not be regarded as binding.

The order appealed from in this case, and that in the suit of Adriance and others, argued with it, must be reversed, with $10 costs in each appeal, and orders entered setting aside the orders of arrest, etc.

DAVIS, P. J., and BRADY, J., concurred.

*Ordered accordingly.*

NOTE.—It is well settled that where the criminal proceeding against a person is a mere pretext to bring him within the jurisdiction of the court, for the purpose of proceeding against him in a civil suit, the arrest in such suit will be set aside. See *Williams* v. *Bacon*, 10 Wend. 636; *Benninghoff* v. *Oswell*, 37 How. 235; *Carpenter* v. *Spooner*, 2 Sandf. 717; *Sonpil* v. *Siminson*, 3 Abb. 474; *Snelling* v. *Watrous*, 2 Paige, 314; *Wells* v. *Gurney*, 8 Barn. & Cresw. 769; S. C., 15 Eng. Com. Law, 336; *Metcalf* v. *Clark*, 41 Barb. 45; *Stein* v. *Valkenhuysen*, Ellis, Black & Ellis, 65.

The question decided in the principal case is a comparatively new one, and is of great importance. Mr. Wharton in his work on Criminal Law, 7th ed., § 2965 a, says: "The sole object of extradition is to secure the presence of a fugitive in the demanding State for the purpose of trying him for a specified crime. The process is not to be used for the purpose of subjecting him collaterally to criminal prosecutions other than that specified in the demand." See, also, *Bouvier, ex parte*, 12 Cox's C. C. 303. And we should say that the same doctrine applies to an arrest in a private action.—REP.