# SUPREME COURT.

## WILLIAM C. BROWNING and others agt. SIMON ABRAMS.

### *Arrest in a civil action.*

Where a defendant is extradited from another state on an indictment for grand larceny and is tried here and acquitted, he may be arrested at the suit of the party who procured the indictment and extradition in a civil action here, where it does not appear that there was any bad faith in causing the extradition, but was done solely for criminal punishment.

*Special Term, April,* 1876.

MOTION to vacate and set aside order of arrest.

The plaintiffs, who were manufacturers of men's clothing, gave out to the defendant, a journeyman tailor, in the month of May, 1875, 138 cassimere coats, with the usual trimmings, linings, &c., requisite and necessary to make the same, and of the value of $700. The defendant took said goods into his possession, and failed and refused to return the same as he agreed. That said defendant sold all said goods, materials, linings, &c., and converted and appropriated the proceeds to his own use, without the knowledge or consent of the plaintiffs, and soon after absconded and fled to San Francisco. The plaintiff then caused the defendant to be indicted for grand larceny, by the grand jury for New York county, and then obtained from the governor of this state a requisition upon the governor of California for the surrender of the defendant as a fugitive from justice. The defendant was brought back to this state and tried upon said indictment, and found guilty and convicted, in the court of general sessions in November, 1875, and sentenced to state prison for the term of three years and six months. From this con-

viction the defendant appealed to the general term of this court, where said conviction was reversed and a new trial ordered (*Abrams* agt. *The People*, 13 *Hun's Supreme Court R.*, 491) in January, 1876. In February, 1876, the plaintiffs obtained the order of arrest in this action. In March the defendant was retried on the said indictment and acquitted, and immediately thereafter was arrested under the said order of arrest granted in this action. The defendant then moved to vacate and set aside the same on the ground that he was arrested in the state of California on the wrongful charge of grand larceny, for the fraudulent and illegal purpose of bringing him into the jurisdiction of this court by the plaintiffs. This the plaintiffs denied, and further, that at the time of the extradition no civil suit was contemplated, and that none was commenced until several months after his return to this state, and not until after his trial, conviction and sentence under the indictment.

*Orlando L. Stewart*, for motion.

*A. Prentice*, opposed.

BARRETT, *J.* — I am satisfied as a matter of fact, that the plaintiffs did not cause the defendant to be brought here with a view to his arrest *civiliter ;* their sole intent was criminal punishment. This being so, *Adriance* agt. *Lagrave* (59 *N. Y. R.*, 110) is authority for sustaining the arrest, for there it was said — following 14 *Abbt. N. S.*, 333 (*note*) — that persons bringing the party within the jurisdiction in bad faith, for the purpose of a civil arrest, should not receive any advantage from their wrongful acts; but this rule does not apply to persons not concerned in the device. It may well be assumed that the court would have added, if necessary, that the rule did not apply to the persons bringing the party on, where there was neither trick nor device, nor bad faith on their part. The test was evidently the intent.

Motion denied, with ten dollars costs.