### SANDER v. HARRIS.

(*Supreme Court, General Term, Fifth Department.* April 16, 1891.)

SERVICE OF SUMMONS—NON-RESIDENT WITNESS.

    The affidavit of a defendant, objecting to the service of summons upon him as irregular, averred that he was not a resident of the state; that the summons was served on him while he was in attendance as a witness in his own behalf in a criminal action against him before a justice of the peace in a certain town, and while under arrest therein; and that he came to the town for the sole purpose of appearing in said action, and as a witness on his own behalf. *Held* that, as this did not show that defendant came into the state voluntarily to stand trial in the criminal action, the presumption in favor of regularity of service of the summons was not overcome.

Appeal from Cattaraugus county court.

Action by Adam Sander against Charles Harris, brought before a justice of the peace. Defendant appeals from a judgment of the county court, affirming on appeal a judgment of the justice in favor of plaintiff.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Inman & Cook*, for appellant. *T. H. Dowd*, for respondent.

MACOMBER, J. This action, which was brought before a justice of the peace to recover the balance of an unpaid meat bill, resulted, on the 10th day of April, 1890, in a judgment in the plaintiff's favor of $15.70, including costs. The summons was served on the 2d or 3d day of April, 1890, by a constable

of the town of Salamanca, N. Y. No answer was interposed by the defendant, and no general appearance was made by him. He, however, appeared by counsel specially in this case, and claimed that the action should not have been begun against him, and that the service of the summons was irregular because of the defendant's exemption from the service thereof. The objection to the irregularity or illegality of the service of the summons was timely made, and nothing was done by the defendant to waive his exception, if such exemption could be claimed by the defendant under our law within the facts disclosed. The only question, therefore, is whether the defendant in his affidavit (for there was no opposing affidavit made in behalf of the plaintiff) has brought himself within the rule so well recognized in our courts, that the due administration of justice and decent regard for the rights of sojourners in our state should not permit the service of civil process upon them while called to and engaged in this state in the prosecution or defense of other actions in which they are parties, or material and necessary witnesses; as is held in *Matthews* v. *Tufts*, 87 N. Y. 568; *Thorp* v. *Adams*, 11 N. Y. Supp. 479, and cases there cited. The defendant's affidavit in full is as follows: "Charles Harris, being duly sworn, deposes and says that the annexed summons was served upon deponent in the village and town of Salamanca, aforesaid, at about the hour of eleven A. M. and not later than the hour of twelve noon, of the 2d day of April, 1890. Deponent further says that he now is, and for the past year and upwards has been, a resident of the city of Jersey City, in the state of New Jersey, and that deponent for the past year and upwards has not been a resident of the state of New York. Deponent further says that at the time of the service of the aforesaid summons, deponent was in attendance before S. H. Seymour, Esq., a justice of the peace, of the said town of Salamanca, as a witness in his own behalf in an action then being prosecuted in the name of the people of the state of New York against this deponent, and before the conclusion of the said action, and while deponent was in the custody of a constable of the aforesaid town of Salamanca, and while deponent was under arrest for and upon the charge of being a disorderly person. Deponent further says that he came to said town of Salamanca for the sole and only purpose of appearing in said action and as a witness in his own behalf, and while deponent was at said town of Salamanca as such party and witness, and before the conclusion of said action and before deponent could get a train to go to his home, deponent was served as aforesaid with said summons." It may safely be assumed, in the absence of any evidence to the contrary, that the defendant was not brought into this state by any requisition for the purpose of standing a trial as a disorderly person. There is no allegation that he was so brought into the state, or that any criminal charge was made against him for the purpose of getting jurisdiction of his person in a civil action. The fatal omission in the affidavit is the failure of the defendant to furnish any evidence that he came into this state voluntarily to stand a trial as a defendant in the criminal action before the special sessions under the charge of being a disorderly person. He says that he came to the town of Salamanca for the sole and only purpose of appearing in said action, and as a witness in his own behalf, but he does not state that he came from New Jersey for that purpose. For aught that appears he was within the state before and at the time the criminal complaint was made against him. The assertion in his affidavit that he had not been a resident of the state of New York for upwards of a year comes to nothing, in the absence of an allegation that his presence here was accounted for by reason of some legal proceedings in our courts in which it was proper for him to attend either as a party or as a witness in the furtherance of justice. If the defendant was voluntarily within the state on private business, other than attending trial as a party to a litigation, or appearing as a witness in the courts of this state, or in other judicial proceedings, he cannot claim the exemption here attempted to be set

up.  The presumption is that the service of process was regular, and the defendant has failed to overcome that presumption by proof.  Judgment appealed from should be affirmed, with costs.  All concur.