(26 Misc. Rep. 504.)

### BANK OF THE METROPOLIS v. WHITE et al.

(Supreme Court, Special Term, New York County. February, 1899.)

PROCESS—NONRESIDENT—EXTRADITION—FRAUD.
    A nonresident brought into the jurisdiction under extradition, to which plaintiff was not a party, may be summoned in a civil action.

Action by the Bank of the Metropolis against Samuel White and others. Motion by defendant White for an order vacating the service on him of the summons and complaint. Denied.

John Delahunty, for plaintiff.

Moses H. Grossman, for defendant White.

BEEKMAN, J.   The defendant Samuel White, on the 27th day of January, 1899, was brought into this state from the state of Pennsylvania, of which he was a citizen and resident, under a requisition issued by the governor of this state to the governor of the state of Pennsylvania, to answer to an indictment which had been found against him here for grand larceny. When he arrived in this city, and while he was in custody, he was served with the summons and complaint in this action, and immediately thereafter he was arraigned in the court of general sessions, where he was admitted to bail, which was furnished forthwith, whereupon he returned to the state of Pennsylvania. He now moves to set aside the service of the summons so made upon him, relying, in support of his motion, upon a series of authorities holding that a party to an action or a judicial proceeding, or a witness therein, is exempt from the service of process, while without the jurisdiction of his residence, for the purpose of attending court in such action or proceeding to which he is a party or in which he is to be sworn as a witness. There can be no doubt about the correctness of this rule of law. Person v. Grier, 66 N. Y. 124; Matthews v. Tufts, 87 N. Y. 568; Parker v. Marco, 136 N. Y. 585, 32 N. E. 989. But it has also been held in this state that such rule does not apply to a case where the defendant, being a nonresident, has been brought into the state upon a criminal charge under extradition proceedings. Williams v. Bacon, 10 Wend. 636; Adriance v. Lagrave, 59 N. Y. 110; Martin v. Woodhall (Super. N. Y.) 4 N. Y. Supp. 539. In the case of Adriance. v. Lagrave, supra, the facts were as follows: The defendant was brought into this state from France by virtue of extradition proceedings, and, while still in custody here, he was served with a summons, complaint, and order to arrest in an action brought against him by the plaintiffs for the alleged wrongful conversion of certain personal

property. It appears that the plaintiffs had nothing to do with the proceedings which brought about his extradition, so that there was no question of bad faith on their part in the matter. A motion was made by the defendant to set aside the summons, complaint, and order of arrest on the ground of privilege, which was denied. Upon an appeal to the general term from the order thus made, the latter was reversed, and an order made granting the motion. Bacharach v. Lagrave, 1 Hun, 689. Upon an appeal to the court of appeals, the order of the general term was reversed, and that of the special term affirmed. Church, C. J., at page 113, 59 N. Y., says:

"It has been decided in other actions, in favor of parties who were held to have been concerned in procuring the defendant to be brought within the jurisdiction of the court, by the extradition proceedings, in bad faith, for the purpose of arresting him on civil process, that he should be discharged from arrest on the ground that such persons should not receive an advantage through their wrongful acts. 14 Abb. Prac. (N. S.) 333, note. But this rule does not apply to persons not concerned in the trick or device by which the party was brought within the jurisdiction of the court. Id., and cases cited."

Although the court of appeals came to a different conclusion from that of the general term in the same case, the latter court did not go further than to hold that the defendant was exempt from arrest. Indeed, the learned justice who delivered the opinion of the court expressly stated (1 Hun, 695) that, until the extradited person has elected to remain in the country after his discharge from the proceedings provided for by the treaty, he is entitled to his full liberty, "for the purpose of regaining his former habitation; and an arrest in a private action is entirely inconsistent with the preservation and enjoyment of that right. Process in no way interfering with that privilege may be properly sustained; but certainly nothing going beyond that." Although, perhaps, the distinction between the rule and the exception which the court have thus laid down may be somewhat unsubstantial, it must be deemed to have been sufficiently established by authority as a part of the law of this state. In the case at bar, there is absolutely no evidence that the plaintiff had anything whatsoever to do with the criminal charge made against the defendant, or with the proceedings which resulted in his extradition, so that there is nothing upon which it could be found that there had been any bad faith on its part for which the relief asked for should be granted. The service of the summons was validly made, and the motion must, therefore, be denied.

Motion denied, with $10 costs.