(120 App. Div. 403)

## GOLDSMITH et al. v. HASKELL.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

1. ARREST—IN CIVIL ACTIONS—PRIVILEGE OF WITNESS IN BANKRUPTCY PROCEEDINGS.

Under Code Civ. Proc. § 860, providing that a person duly and in good faith ordered to attend for the purpose of being examined in a case where his attendance may be lawfully enforced by attachment or commitment is privileged from arrest in a civil action while going to, remaining at, or returning from a place where he is required to attend, where involuntary bankruptcy proceedings had been referred to a referee and the bankrupt was directed to attend before the referee and submit to such orders as he might make, the attendance of the bankrupt was within the provisions of the statute.

2. SAME—REASONABLE TIME TO RETURN.

Where an involuntary bankrupt who had been directed to attend before a referee on a specified date for examination came from another state for apparently no other business was examined, his testimony taken in shorthand, and the proceeding adjourned for three days, he was privileged from arrest in a civil action while going from the referee's office to that of his attorney at the close of the hearing on the adjourned day, since he was required to wait till that day to submit to cross-examination and sign the testimony, and was entitled to a reasonable time to return home, and the delay to consult his attorney was not unreasonable.

3. PROCESS—PRIVILEGE—ATTENDANCE AT COURT—NONRESIDENCE.

A nonresident, while attending court either as a party or a witness, cannot be served with process for the commencement of a civil action against him.

4. SAME—RESIDENCE—EVIDENCE—SUFFICIENCY.

Defendant had been a resident of New York City, and his wife's parents lived in Philadelphia. Her mother died, and defendant moved his family and household belongings there, and took up his residence with his father-in-law. He was frequently seen in New York afterward, but was a traveling salesman for a firm there. While attending bankruptcy proceedings in New York under order of court about two months after his removal to Philadelphia, he was served with summons in a civil action in New York. *Held*, that defendant was a resident of Philadelphia. Hence the service of summons should be set aside on motion.

5. JUDGMENT—BAR OF DEFENSE—STATE COURTS AND UNITED STATES COURTS.

Where service of summons and an arrest in a civil action in the state court was improperly made on a nonresident attending bankruptcy proceedings in the state, dismissal of a writ of habeas corpus in the United States court, which had been obtained on the ground of violation of privilege from arrest under Bankr. Act, § 9 (Act July 1, 1898, 30 Stat. 549, c. 541 [U. S. Comp. St. 1901, p. 3425]), is not a bar to a motion subsequently made in the action in the state court to vacate an order of arrest and the service of summons, since the only question before the federal court was as to the violation of the bankruptcy law, and not the violation of the state law, and the federal court had no jurisdiction to determine whether the summons was properly served, and the order of arrest could not stand if it was never legally begun.

Appeal from Special Term, New York County.

Action by Ingomar Goldsmith and another against Joseph Haskell. Form an order of the Supreme Court denying a motion to vacate an order of arrest and service of summons and complaint, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, LAMBERT, and HOUGHTON, JJ.

Herbert R. Limburg, for appellant.
Felix H. Levy, for respondents.

HOUGHTON, J. The defendant moved to set aside the service of an order of arrest and a summons and complaint made upon him in behalf of plaintiffs on the 26th day of March, 1907, at the city of New York, on the ground that he was a nonresident of the state, and on that day was in this state attending as a party and witness in involuntary bankruptcy proceedings instituted against himself. Such motion was denied, and the appeal is from the order entered thereon.

If the defendant was in fact in attendance on the bankruptcy proceedings as a party or a witness, and was ordered to so attend, he was privileged from arrest in a civil action. Section 860 of the Code of Civil Procedure provides:

"A person duly and in good faith subpoenaed or ordered to attend for the purpose of being examined, in a case where his attendance may lawfully be enforced by attachment, or by commitment, is privileged from arrest in a civil action or special proceeding, while going to, remaining at, and returning from the place where he is required to attend."

Attendance upon a bankruptcy proceeding is such attendance as gives exemption. Matthews v. Tufts, 87 N. Y. 586. We think the defendant was compelled to attend for the purpose of being examined. The bankruptcy proceedings had been referred to a referee by an order directing the defendant to attend before such referee on a specified day, and thenceforth to submit to such orders as the referee might make. On the 23d of March defendant had been examined before the referee, and his evidence taken by a stenographer. Cross-examination was reserved and the proceeding adjourned until March 26th, at 3 p. m. General order in bankruptcy No. 22 provides that testimony taken upon an examination before a referee shall be taken down in writing, and, when completed, it shall be read over to the witness, and signed by him in the presence of the referee. The testimony which the defendant had given could not be signed by him until it was transferred by the stenographer, and it is manifest that all parties assumed that the entire proceeding was adjourned until March 26th, and that the defendant was required to be in attendance on that day, either for such cross-examination as might be desired or to sign the testimony which he had already given. The defendant had journeyed from the city of Philadelphia to the city of New York apparently for no other business than to attend upon the bankruptcy proceedings, and had purchased a limited return ticket. The order of arrest was served upon him very shortly after the close of the hearing, and while he was proceeding from the office of the referee to that of his attorney. The defendant was entitled to a reasonable time to return to the place from which he had come, and the delay to consult with his attorney was not unreasonable. Parker v. Marco, 136 N. Y. 585, 32 N. E. 989, 20 L. R. A. 45, 32 Am. St. Rep. 770. The defendant was therefore privileged from arrest, and the service of the order should have been set aside.

We are also of the opinion that the defendant established that he was a resident of the city of Philadelphia, in the state of Pennsylvania, and that the service of the summons upon him should also have been set aside. The defendant had been a resident of the city of New York and his wife's father and mother lived in the city of Philadelphia. In the latter part of January, 1907, the wife's mother died, and the proof showed that about the 1st of February following the defendant moved his wife and child and his household belongings to that city and took up his residence with his father-in-law. This is established by his own affidavit and that of his father-in-law, and the janitress and occupants of the apartment in which he formerly resided in this city. This situation is not controverted, except by the fact that defendant had been a resident of this state, and that after his claimed removal to Philadelphia he had been seen frequently in the city of New York. His business was that of traveling salesman for a firm having headquarters in the latter city, and the fact that he was at the place of business of his employer did not necessarily prove that his actual residence was not in another state. There was some confusion respecting the name of the street which defendant gave as

the place of residence of himself and father-in-law, but it is apparent that it resulted from a mistake of the stenographer. A resident of a foreign state, while attending a court in this state either as a party or a witness, cannot be served with process for the commencement of a civil action against him. Matthews v. Tufts, supra; Person v. Grier, 66 N. Y. 124, 23 Am. Rep. 35; Thorp v. Adams (Sup.) 11 N. Y. Supp. 479.

Immediately upon his arrest defendant obtained a writ of habeas corpus in the United States District Court, asking for his discharge on the ground that the protection accorded him by section nine of the bankruptcy act had been violated. Act July 1, 1898, 30 Stat. 549, c. 541 [U. S. Comp. St. 1901, p. 3425]. That court dismissed the writ, and the respondents urge that such determination is res adjudicata and a bar to this motion subsequently made in the state court. Conceding that a final order made upon a writ of habeas corpus is a final adjudication respecting the cause and right of detention, the refusal of the federal court to discharge in the present instance had no such effect. The Supreme Court of the state has the right to determine the propriety and regularity of the service of its own process. The only question before the federal court was whether or not the bankruptcy law had been violated. The question now for determination is whether or not the law of the state has been violated by improper service of process issued out of the state court. That a determination that process was improperly served has the effect of releasing the defendant from custody is unimportant. Besides, the federal court had no jurisdiction certainly to determine whether or not the summons was properly served; and, if service of the summons be set aside, the order of arrest must fall by operation of law, because such an order can be issued only in an action, and cannot stand if such action was never legally begun.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.