learned Special Term deemed that it had no power to reverse said order in this collateral proceeding, and therefore made this order in an attempt to enforce the provisions of the former order.

It is true that the W. F. Burns Company is not a party of record to the action. It was the assignor of the plaintiff, and it is claimed to be the real party in interest. The corporation having appeared and submitted to the jurisdiction, I do not see how the plaintiff is in any position to complain. So far as the provision in regard to Bowes is concerned, the original order provided that a copy be served on the corporation and Burns and on Bowes, or so many of them as could be found. It never was served on Bowes. He was a mere agent, and not an officer, of the company, and is traveling somewhere in the United States. Inasmuch as the original order provided for service upon him, which has not been had, I do not see how the company could be deemed in contempt for not producing him. As to the production of papers, subdivision 7 of section 872 of the Code of Civil Procedure expressly provides that, in case the party to be examined is a corporation, the order shall direct the examination of such officers or directors thereof whose testimony is material and necessary, and the production of such books and papers.

I think that, so long as the original order stands, it should be supported, so far as to require the production of the papers directed; but I do not think the production of the agent, Bowes, can be compelled, and, in view of the fact that he was never served with the original order as therein required, the order appealed from should be modified, by striking out the provision for his production, or any adjudication of contempt based on said nonproduction, and, as modified, affirmed, without costs to either party. All concur.

---

### NOTOGRAPH MFG. CO. v. SCRUGHAM.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

PROCESS (§ 119*)—PRIVILEGES AND EXEMPTIONS.

A nonresident, voluntarily coming into the state to defend himself against a criminal charge and appearing on the trial thereof, was not exempt from service of civil process.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 149; Dec. Dig. § 119.*]

Appeal from Trial Term, New York County.

Action by the Notograph Manufacturing Company against George R. Scrugham. From an order setting aside service of summons and complaint on defendant, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Clarence Winter, for appellant.
Louis Marshall, for respondent.

HOUGHTON, J. The defendant is a resident of the state of Ohio. He was indicted in the county of New York on a charge of conspiracy.

In March, 1909, trial on said indictment was had, and defendant voluntarily came from the state of Ohio to the county of New York for the purpose of defending himself thereon and appearing therein. The trial lasted several days, and was concluded on March 26th, at about 4 o'clock p. m., upon the rendering of a verdict in defendant's favor. After the conclusion of the trial there was not time that afternoon for the defendant to obtain a suitable train for Ohio, and he stopped at a hotel for the night. On the next morning at about 9 o'clock the summons and complaint herein were served upon him. He moved to set aside such service on the ground that it was made upon him while he was attending a court of the state as a party.

Under the circumstances he did not remain an unreasonable length of time before starting to return to his residence. If he had been in attendance as a party or a witness upon a civil action, it would have been entirely proper to set aside the service of process made upon him. Goldsmith v. Haskell, 120 App. Div. 403, 105 N. Y. Supp. 327. But a different rule applies to a party in the state attending his own trial on a criminal charge. Williams v. Bacon, 10 Wend. 636; Adriance v. Lagrave, 59 N. Y. 110, 17 Am. Rep. 317; Browning v. Abrams, 51 How. Prac. 172; Slade v. Joseph, 5 Daly, 187. To be sure, in all the above cases the defendant had been extradited and brought into the jurisdiction against his will. On being released, however, on the criminal charge by acquittal or otherwise, civil actions were brought against the several defendants, and motions were made to set aside the service on the ground they had not had opportunity to return to their homes, and it was held that they were not entitled to exemption and that service of civil process upon them was proper. In Williams v. Bacon, supra, Nelson, J., says:

"The defendant (being in the state under a criminal charge) is not within the rule privileging suitors and witnesses from arrest (in a civil action) whilst going to, attending at, or returning from court."

In Adriance v. Lagrave, supra, the subject was exhaustively treated, for the Special Term refused to set aside the service of civil process, and on appeal to the General Term (1 Hun, 689) the order was reversed; but the Court of Appeals reversed the order of the General Term and reinstated that of the Special Term.

If a party who is compelled to come to the jurisdiction by warrant and extradition is not exempt from service of civil process, it is difficult to see how one who comes voluntarily to attend his own trial and to save his bondsman is exempt from service. In Sanders v. Harris, 59 Hun, 628, 14 N. Y. Supp. 37, it is intimated that, if the defendant came to the state voluntarily for the purpose of appearing on a criminal charge against him, he would be entitled to exemption from service of civil process; but that question was not involved in the case. In Lucas v. Albee, 1 Denio, 666, however, the decision went on the theory that it made no difference whether the defendant came into the state voluntarily or was brought in from another state to answer the criminal charge against himself.

The ground upon which the decisions are based is that arrest upon a criminal charge or conviction thereunder does not suspend civil

remedies against a person, and hence, if the rule of exemption were applied, and the party charged was convicted and sentenced to a long term of imprisonment, the creditor could have no remedy until the term of imprisonment had expired and the defendant had had a reasonable opportunity to return to his home. If the defendant had been extradited from the state of Ohio, clearly under the decisions he would not have been exempt from service of civil process. The fact that he voluntarily appeared without extradition we do not think entitled him to such exemption.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

FERBER et al. v. NEWGOLD et al.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

DISMISSAL AND NONSUIT (§ 60*)—GROUNDS—WANT OF PROSECUTION.
    Where, for about five years after issue was joined, no notice of trial was served or note of issue filed, and junior issues were reached for trial, a motion to dismiss for want of prosecution must be granted, unless plaintiff shows facts excusing his apparent neglect.

    [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 141; Dec. Dig. § 60.*]

Appeal from Special Term, New York County.

Action by Nathan Ferber and another against Morris Newgold and another. From an order denying a motion to dismiss for want of prosecution and for an order canceling a lis pendens, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

John Bogart, for appellants.

LAUGHLIN, J. The action was commenced on the 15th day of April, 1904, and is brought to have an instrument, purporting to be a deed absolute on its face, declared to be a mortgage, and for an accounting, and for a reconveyance of the premises. A lis pendens was filed against the premises, which are situated in the borough of Manhattan, New York, and it remains undischarged. The answer was served on or about the 5th day of May, 1904, and admits that the instrument was intended as a mortgage and as security for certain indebtedness, which the defendants allege has not been paid, and they also allege that it was intended as security for other moneys expended by them pursuant to an agreement which is made a part of such answer, and judgment is demanded that the complaint be dismissed. It is alleged in the complaint that the defendants entered into possession of the premises under the deed. It thus appears that the defendants are lawfully in possession of the premises as mortgagees. After issue was joined, the plaintiffs moved for an injunction and for the appointment of a receiver. This motion was denied on the 10th of