# SUPREME COURT — SPECIAL TERM — KINGS COUNTY.

## February, 1920.

## ANNA ROSENBLATT v. LOUIS ROSENBLATT.

### (110 Misc. 525.)

ARREST—WHO NOT IMMUNE FROM SERVICE AND ARREST—WHEN MOTION TO VACATE SERVICE OF SUMMONS AND COMPLAINT AND ORDER OF ARREST DENIED—CRIMINAL LAW—CIVIL RIGHTS LAW, § 25.

A person under arrest on a criminal charge, though out on bail, is not immune from the service of civil process or from civil arrest.

Defendant after an absence from the state of about two years was arrested and admitted to bail upon a charge of having abandoned his wife and children, and on the adjourned day that the proceeding in the Domestic Relations Court was finally terminated, he was served with the summons and complaint in a civil action. *Held*, that his motion to vacate the service of the summons and complaint and the order of arrest, on the ground that he was immune from such service and arrest, will be denied.

As the defendant was not in court "for the purpose of being examined," section 25 of the Civil Rights Law did not apply.

MOTION to vacate the service of a summons and an order of arrest.

*Saul Levine* (*David C. Hirsch* of counsel), for motion.

*Bick, Godnick & Freedman* (*Louis R. Bick* of counsel), in opposition.

CROPSY, J.:

The defendant appearing specially moves to vacate the service of a summons and an order of arrest. The defendant left New York and went to Los Angeles, Cal., in 1917. He remained there until December, 1919, when he returned to New York on personal business. He did not come here as a

witness or a party in any legal proceeding. While here he was arrested, on the complaint of his wife, charged with having abandoned her and their children. That was a proceeding in the Domestic Relations Court and the defendant was there obliged to give bail. The proceedings were adjourned and on the day they were finally terminated the defendant was arrested upon civil process and the summons and complaint in the present action were served upon him as he was leaving that court. The defendant claims he was immune both from civil arrest and the service of process because he was a non-resident and because he was necessarily attending the Domestic Relations Court as a defendant in a matter there pending.

A study of this general question, that is, when a person is immune from civil arrest and from the service of civil process, is interesting. And there is a great diversity of opinion upon the subject, as may be seen by a reference to the note in 25 Lawyers' Reports Annotated, page 721. But the law in this state seems to be capable of rather plain statement. The question of exemption from civil arrest is not necessarily the same as that of exemption from service of process. Under certain conditions there may be an exemption from civil arrest but not from the service of civil process.

A person under arrest on a criminal charge is not immune from the service of civil process or from civil arrest. This is said to have been the law from time immemorial. (1 Chitt. Crim. Law, 661; Foster Crim. Law, 61, 62.) And this is equally true in the case of a non-resident who is brought to this state under extradition. (Williams v. Bacon, 10 Wend. 636; Browning v. Abrams, 51 How. Pr. 172; Adriance v. Lagrave, 59 N. Y. 110; Bank of Metropolis v. White, 26 Misc. Rep. 504.) And of course the same is true of a non-resident who, coming here for his own business, was arrested on a criminal charge while here. (Lucas v. Albee, 1 Den. 666.)

But the rule is different in the case of a nonresident who comes to this state voluntarily as a witness in any action or

proceeding, or as a party in any civil action. Then he is immune from civil arrest and from the service of all civil process while coming here, while attending court and while returning to his home, provided he does so within a reasonable time after his attendance in court has ceased. (Person v. Grier, 66 N. Y. 124; Matthews v. Tufts, 87 id. 568; Parker v. Marco, 136 id. 585; Lemberger v. Lemberger, 164 N. Y. Supp. 555; Roberts v. Thompson, 149 App. Div. 437; First National Bank v. Di-Martino & Musso Contracting Co., 180 id. 750; Kutner v. Hodnett, 59 Misc. Rep. 21; Thompson's Case, 122 Mass. 428.) But such attendance must be voluntary in order to give the exemption. The reason underlying the rule would not give exemption if the appearance was not voluntary. Such immunity is intended to encourage the attendance of witnesses who could not be brought here by process, to give testimony in matters pending in this state and so aid in the ascertainment of truth and the administration of justice.

The distinction is well illustrated in three recent cases. In one case a party came into this state voluntarily on a personal matter. While here he was arrested on a criminal charge, gave bail and returned home. Later he came back to this state for his trial and was then arrested in a civil action. He was held not to be immune, for when he came here first he could not have claimed any exemption as he did not come to attend any court proceeding and so could have been arrested under civil process, and his returning to this state after having given bail on a criminal charge was in effect a compulsory return, being in response to the obligations of his bail. (Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377.)

In another case a nonresident came into this state voluntarily to be a witness in a criminal action. While here he was subpœnaed as a witness in the same matter which had brought him here originally. Between the time he was served with a subpœna and the date that his attendance was required thereunder he returned to his home and came back to this state on·

the date the subpœna required. Then while attending pursuant to that subpœna he was served with civil process. He was held exempt from such arrest, for he had originally come into this state voluntarily, merely for the purpose of testifying, and so would then have been immune from civil arrest, and his return to the state while under subpœna was practically a continuation of his original attendance which was voluntary and so his return was not treated as compulsory—he was held to be in the same position he was in when he came here originally. (Bunce v. Humphrey, 214 N. Y. 21.)

In the third case a nonresident was indicted for crime. He came to this state to answer that indictment and after the criminal charge was disposed of he was subpœnaed as a witness in another matter. He then returned home and came back to this state in obedience to that subpœna and while attending upon it was served with civil process. It was held that this service was good—that the party was not immune because when he came here originally it was as a defendant on a criminal charge and so he was not then exempt from process and his return under the subpœna was not voluntary. (Dwelle v. Allen, 151 App. Div. 717.) It may be noted that on the identical facts of the case just cited the contrary holding was made in the United States District Court where the service was set aside (Dwelle v. Allen, 193 Fed. Rep. 546); this decision like that in Stewart v. Ramsay, 242 U. S. 128, not making any distinction between the voluntary and compulsory presence of a nonresident witness within this jurisdiction. If a nonresident comes into this state to be a witness and also to attend to his business he is not immune. (Finucane v. Warner, 194 N. Y. 160.)

Resident witnesses attending court are not immune from the service of civil process though they may be immune from civil arrest by virtue of the Civil Rights Act which will be mentioned later. (Frisbie v. Young, 11 Hun, 474.) And it is immaterial so far as exemption from service of process goes

whether the attendance is voluntary or under subpœna.   The distinction between the exemption of a resident and a nonresident witness has already been pointed out.   The former is not immune from the service of process because he is at all times subject to the subpœna and may be compelled to attend, and so even though he appears voluntarily he does not obtain immunity; while a nonresident witness who came voluntarily does something which he could not be compelled to do and so is given the exemption.   On the whole question of exemption from civil arrest and service of process, see note in 7 Annotated Cases at pages 329 to 342.

Applying the law to the facts in this case it is apparent that the defendant was not immune from the service of the summons. He did not come into this state as a witness or a party in any action and so had no immunity on that score.   He was residing in this state at the time of his arrest on the charge made in the Domestic Relations Court and was in precisely the same situation as a person who was a permanent resident of the state. And the nature of the action which required his presence in court at the time of the service of the papers in this case is immaterial.   That is, it matters not whether the proceeding in the Domestic Relations Court was a criminal one or a civil one.

The matter of the arrest presents a different question.   This is because of the provisions of section 25 of the Civil Rights Law.   That section reads: " A person duly and in good faith subpœnaed or ordered to attend, for the purpose of being examined, in a case where his attendance may lawfully be enforced by attachment or by commitment, is privileged from arrest in a civil action or special proceeding, while going to, remaining at, and returning from, the place where he is required to attend.   *   *   *"   In the absence of this statute the defendant clearly would not have been immune from civil arrest.   Does this statute give him exemption?   We have already pointed out that a person under criminal arrest, and that

includes a case where bail has been given on a criminal charge (Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377), is not exempt from civil arrest. But it is claimed and apparently conceded that the proceeding in the Domestic Relations Court was not in the nature of a criminal charge. So the question is, does the Civil Rights Statute apply? This section came from sections 860 and 863 of the Civil Code. But its forerunner was in the Revised Statutes. (2 R. S. p. 402, ¶ 51.) There the language was somewhat different. It made immune from civil arrest, " Every person duly and in good faith subpœnaed as a witness to attend any court, officer, commissioner or referee, or summoned to attend any judge, officer or commissioner, in any case where the attendance of such witness may by law be enforced by attachment, or by commitment." But in its earlier as in its present form the statute prescribes limitations. It does not grant broad and general immunity. The immunity runs only to one who in good faith is subpœnaed or required to attend and then only in a case where his attendance could be enforced lawfully by attachment or commitment. And in the present section (25) the qualifying clause is found that the person must be subpœnaed or ordered to attend " for the purpose of being examined." This clearly covers a witness who has been subpœnaed or ordered to appear (Goldsmith v. Haskell, 120 App. Div. 403), and also a party who is to be a witness. (Mackay v. Lewis, 7 Hun, 83.) It also includes very plainly a judgment debtor who has been ordered to appear for examination. (Scofield v. Kreiser, 61 Hun, 368.) These parties were required to attend " for the purpose of being examined." And it is necessary that the attendance should be required for that purpose. Otherwise the statute has no application and there is no immunity. The section plainly does not cover all persons who are compelled to attend court. If it did that would have been stated. As terms of limitation were inserted it is clear that its application was to be restricted. So a voluntary witness appearing without subpœna is not entitled

to the benefits of this section. (Hardenbrook's Case, 8 Abb. Pr. 416.) And in this case just cited the court made the decision stated although on a prior day the witness had attended under subpœna. The fact that he was attending voluntarily on the day of the civil arrest was held to deprive him of the exemption. And the fact that he came at the request of counsel was held to be of no avail.

The defendant here was ordered to appear in the Domestic Relations Court. He was compelled to appear there, for a warrant was issued for his arrest. Then on the adjourned day he appeared pursuant to the terms of the bail bond which he had given to secure his release. But he was not there " for the purpose of being examined." He was a defendant, charged with being a disorderly person, that is, with having abandoned his wife and children. There was no right to examine him unless he saw fit to take the stand. He was not ordered there for that purpose. And had he failed to appear his attendance could not lawfully have been enforced " by attachment or by commitment." Failing to appear his bail could have been forfeited and he could then have been rearrested under a warrant. But in no sense would that be by attachment or by commitment within the meaning of those terms. The defendant does not come within the provisions of this section and so was not exempt from civil arrest.

Motion denied, with ten dollars costs.