FIRST NATIONAL BANK OF ST. PAUL *vs.* ADELBERT AMES and others.

August 31, 1888.

**Exemption from Service of Summons—Non-resident Party Attend-** ing as Witness.—A non-resident party to an action here is privileged from liability to suits commenced by summons while necessarily and in good faith attending the trial thereof or an examination therein before a referee or master in chancery.

**Same—Service on Partner after Judgment.**—Such exemption applies to the case of the service of a summons issued in pursuance of Gen. St. 1878, *c.* 66, § 287.

Appeal by plaintiff from an order of the district court for Ramsey county, *Simons, J.*, presiding, setting aside the service of a summons issued after judgment.

*Henry Burleigh Wenzell* and *Francis B. Tiffany,* for appellant.

*Benton & Roberts,* for respondent.

VANDERBURGH, J. Non-resident witnesses are exempt from the service of civil process upon them while attending to give evidence in causes pending in the courts of this state. *Sherman* v. *Gundlach,* 37 Minn. 118, (33 N. W. Rep. 549.) And the principle upon which this exemption rests applies as well to parties as witnesses. In respect to arrest upon civil process, the common-law rule was that suitors, witnesses, and other persons necessarily attending any court were not to be arrested during their actual attendance, which included their necessary coming and returning. 3 Black. Comm. *289; 1 Greenl. Ev. § 316. It was always the policy of the common law that witnesses should be produced for oral examination, and that parties should have full opportunity to be present and heard when their cases are tried. In furtherance of this policy, and the due administration of justice, and as an inducement to secure their attendance, suitors and witnesses from abroad are privileged from liability to suits commenced by summons as well as by *capias.* *Massey* v. *Colville,* 45 N. J. Law, 119; *Matthews* v. *Tufts,* 87 N. Y. 568; *Merrill* v. *George,* 23 How. Pr. 331; *Sanford* v. *Chase,* 3 Cow. 381. And there is no dif-

ference in principle or practice whether the parties are necessarily and in good faith attending the trial of an action in court or an examination before a referee or a master in chancery, as in this instance. 1 Greenl. Ev. § 317.

In the case at bar it appears that the defendant Adelbert Ames is a non-resident, but is a member of a partnership firm doing business in this state; that a judgment had been rendered in the district court for Ramsey county in favor of the plaintiff in an action against the partnership firm, in which action this defendant was not served with process, and which judgment, therefore, was enforceable only against the joint property of all the defendants' partners, and the separate property of the defendants served. On the 8th day of April, 1887, the defendant Adelbert Ames, while attending as a party and witness before an examiner in chancery of the circuit court of the United States at the city of St. Paul, in a suit where he was also a defendant, was served with a summons in pursuance of Gen. St. 1878, c. 66, § 287, requiring him to show cause why he should not be bound by the judgment, in the action first mentioned, in the same manner as if he had been originally summoned. The service of such summons was set aside by the district court, and an appeal taken by the plaintiff to this court. Such a summons is required to be served as an ordinary summons, and the defendant is entitled to answer and make the same defences which he might have made originally in the action. The rule contended for by the defendant applies with equal force in such case, and a foreign witness or party is privileged from the service thereof, equally with that of the summons for the commencement of the original action. It appears by the affidavit of the defendant's attorney, upon which the motion to set aside the service of this summons was made and granted, (and it is not disputed,) that the defendant was a non-resident; that he came to Minnesota upon the occasion upon which the service was made from the state of Massachusetts, at the request and by the procurement of his attorneys here, in response to telegrams and letters sent to him; that the testimony in his case was to be taken orally on the day in question, in pursuance of the stipulation of his attorneys and the attorneys for the plaintiffs in the action; and that he was present on that day before the ex-

aminer, and his examination as a witness also was commenced and continued until the adjournment of the hearing on that day, but was not then completed; and that immediately after the adjournment, and before leaving the court-room, the service in question was made, and upon the next day his examination was continued and completed, when he immediately departed from the state. In the absence of any other evidence, we think the fair inference from the record is that he came into the state at the request of his counsel to attend the examination as a party at least, and that he was actually called as a witness; and while so attending as a party, and in the course of his examination as a witness, the service was made. We think he was privileged from such service. The facts bring the case within the rule and the reason upon which it is based. It is immaterial whether he came solely to give testimony in the case or not. He was entitled to protection as a party, and was at the time in actual attendance at the trial. It was his privilege to so attend and be examined as a witness or not, as he might be advised, without being subjected to civil prosecution while so remaining or being examined. *Matthews* v. *Tufts, supra.*

Order affirmed.