FLORA Q. REID *vs.* J. W. HAM.

Submitted on briefs June 28, 1893. Reversed July 26, 1893.

**One Extradited is not ·Exempt from Service of Civil Process.**

One who by interstate rendition proceedings is brought to this state from another state or territory as a fugitive from justice is not exempt from civil prosecution while detained here under such proceedings.

Appeal by plaintiff, Flora Q. Reid, from an order of the District Court of Ramsey County, *William Louis Kelly,* J., made November 26, 1892, setting aside the service of the summons.

*William G. White,* for appellant.

*M. H. Albin,* for respondent.

DICKINSON, J. The defendant, being a citizen of the territory of Utah, was brought to this state from. that territory under arrest as a fugitive from justice, upon a requisition, pursuant to the constitution and laws of the United States. While he was held in custody here under the criminal charge for which he had been returned to this state, this plaintiff instituted a civil action against him by the service of a summons. On motion the District Court set aside the service of the summons for the reason that it was considered that the defendant was exempt from liability to be so prosecuted civilly while so held in custody. The plaintiff was not in any way concerned in the interstate rendition proceedings, nor is this action in any way connected with the criminal charge. The plaintiff appealed from this order setting aside the service of the summons.

Upon a consideration of the case we have come to a conclusion contrary to that of the learned judge of the District Court. We are of the opinion that one thus brought into this state from another state or territory of the Union by interstate rendition proceedings is not, by reason of that fact, while held in custody for the alleged crime, exempt from prosecution in a civil action. The uncertainty as to the law on this point, which has given rise to conflicting decisions, has been to a great extent dispelled by recent decisions, among which we notice particularly that of the Supreme Court of the United States in *Lascelles* v. *Georgia,* 148 U. S. 537, (13 Sup. Ct.

V.54M.—20

Rep. 687;) and to the same effect *People ex rel.* v. *Cross*, 135 N. Y. 536. (32 N. E. Rep. 246,) and *Commonwealth* v. *Wright*, 158 Mass. 149, (33 N. E. Rep. 82,) and cases cited. These cases involved the question whether one who, as a fugitive from justice, has been brought from another state by interstate rendition proceedings, is subject to trial for other offenses than that for which he has thus been brought into the state. It may now be regarded as settled that this may be done without violating the letter or spirit of the law relating to interstate rendition. The written law upon the subject is found in United States Const. Art. 4, § 2, par. 2, and in the Act of Feb. 12, 1793, 1 U. S. Stat. ch. 7, p. 302, enacted to carry the constitutional provision into effect, and which is now embodied in U. S. Rev. Stat. §§ 5278 and 5279. The supreme court of the United States, construing the federal law in the case above cited, considered that neither expressly nor by implication was there conferred any right or privilege of exemption from trial for any criminal act committed in the state to which the fugitive may have been returned. The sole object of the provisions of the constitution and the act of congress was regarded as being to secure the surrender of persons accused of crime who have fled from the justice of the state whose laws they are charged with violating. Such cases were distinguished from those of extradition under treaties with foreign powers. This construction which the Supreme Court has given to the Federal constitution and statute is to be accepted as final, and it can no longer be well claimed that the written law either expressly or by implication affords exemption from prosecution for other crimes than those for which the accused has been returned to the state. The decisions in the state courts may be regarded as having a wider scope, (as they are not restricted to merely federal questions,) going to the extent that neither by the federal law nor by any principle of the unwritten law is such exemption afforded. These decisions logically, if not necessarily, lead to the conclusion that detention under such criminal proceedings affords no exemption or privilege from civil prosecutions; and this has been so decided. *Williams* v. *Bacon*, 10 Wend. 636; *Adriance* v. *Lagrave*, 59 N. Y. 110. If the federal law neither expressly nor by implication protects the accused from prosecution for other crimes than that for which he was brought back to the

state, it cannot be construed as affording exemption from civil suits.

It has been said that good faith on the part of the state requires that such exemption be afforded; but that begs the question. If the law does not give this protection or privilege, the state is not wanting in good faith if it refuses to recognize it. The accused does not come voluntarily into the state, induced thereto by circumstances which could be regarded as affording the assurance on the part of the state that while detained here he shall be exempt from liability to ordinary civil proceedings. The state holds out no inducements by which his conduct in coming is influenced. He is compelled by legal process to come, irrespective of his will or consent. It is idle to say that only for the purpose of proceedings for the crime for which he is brought into the state is the accused to be deemed as being here. The answer is that he is here.

No considerations of public policy, as we think, require that the accused should be exempt from being prosecuted civilly. The considerations upon which our decisions in *Sherman* v. *Gundlach*, 37 Minn. 118, (33 N. W. Rep. 549,) and *First Nat. Bank* v. *Ames*, 39 Minn. 179, (39 N. W. Rep. 308,) were founded have little, if any, application. The declared exemption from service of summons upon a nonresident witness, in the former case, and in the other upon a nonresident party to an action on trial here, and who was also a witness, was based upon the policy of encouraging the voluntary personal attendance, at the trial of causes, of persons whose presence and testimony may be necessary for the better administration of justice, and whose attendance cannot be compelled. As has already been said, in cases of extradition or interstate rendition there is no encouragement or inducement held out to the accused to come voluntarily into the state. He comes by compulsion. We fail to see how the administration of justice could be promoted by holding the accused protected from the service of a summons in a civil action.

It has been said that if a rule of absolute exemption is not maintained in such cases, criminal proceedings will be resorted to fraudulently, merely for the purpose of securing the rendition of a person from another state, so that he may be sued in a civil action. We think that protection against such frauds may reasonably be left to be applied when cases of fraud appear, and the courts may be trusted

to jealously guard against such an abuse of legal process. We deem it unnecessary and unreasonable, as a means of guarding against possible fraud in some cases, to hold the accused in all cases to be absolutely exempt from liability to respond to civil process, even though confessedly no fraud has been practiced.

Order reversed.

(Opinion published 56 N. W. Rep. 35.)