# IN RE APPLICATION OF FRANK HENDERSON FOR WRIT OF HABEAS CORPUS.

### (51 L.R.A.(N.S.) 328, 145 N. W. 574.)

**Suitors — witnesses — foreign state — exemption from civil process — privilege — courts of this state — reasonable opportunity to return to their own state — nonresident defendant — criminal action — good faith.**

1. The common-law privilege exempting suitors and witnesses, residents of a foreign state, in civil cases, on their claim of privilege, from service of civil process while in attendance as civil suitors or witnesses in the courts of this state, until after a reasonable opportunity afforded them to return to their abode, does not include nonresident defendants in criminal proceedings, temporarily here to defend in the criminal action against them, when the criminal proceedings are prosecuted in good faith, and not fraudulently instituted mere-

---

Note.—The authorities on the right of a nonresident to exemption from service of process while within a jurisdiction pursuant to condition of bail bond are reviewed in a note in 27 L.R.A.(N.S.) 333. As to the privilege from suit of a nonresident party attending as a witness, generally, see note in 25 L.R.A. 727. And upon the exemption of a nonresident party from service of civil process while in state in connection with case, see note in 42 L.R.A.(N.S.) 1101. See also note in 76 Am. St. Rep. 534.

ly for the purpose of procuring the presence of the foreign resident that he might be here served with civil process.

**Nonresident defendant — criminal action — privilege — law gives none — arrest and bail — opportunity to return.**

2. To a nonresident defendant in a criminal case the law extends no such privilege, and he may while here be served with a summons and complaint and arrested under bail and arrest proceedings, an incident to such civil action, and held to civil bail without there being afforded him any opportunity to return to his home in the foreign state.

Opinion filed February 17, 1914.

Application of Frank Hendersen, held on bail and arrest proceedings, for writ of habeas corpus. After full hearing the writ is denied and the petitioner remanded to custody.

*Wolfe & Schneller* and *E. S. Carey,* for petitioner.

On the question of intention we must strongly rely upon the declarations of the.party, though they are not conclusive. Pacific Mut. L. Ins. Co. v. Tompkins, 41 C. C. A. 488, 101 Fed. 539; State ex rel. Hattabaugh v. Boynton, 140 Wis. 89, 121 N. W. 887, 17 Ann. Cas. 618.

A prisoner extradited from another state is privileged from arrest on civil process during the pendency of the prosecution of the crime for which he was extradited, *and* until a reasonable opportunity has been afforded him, after such trial, to return to the jurisdiction from which he was extradited. Murray v. Wilcox, 122 Iowa, 188, 64 L.R.A. 534, 101 Am. St. Rep. 263, 97 N. W. 1087; Re Cannon, 47 Mich. 481, 11 N. W. 280; Weale v. Clinton Circuit Judge, 158 Mich. 563, 123 N. W. 31; Compton v. Wilder, 40 Ohio St. 130; White v. Marshall, 13–23 Ohio C. C. 376; Moletor v. Sinnen, 76 Wis. 308, 7 L.R.A. 817, 20 Am. St. Rep. 71, 44 N. W. 1099; Small v. Montgomery, 23 Fed. 707; Juneau Bank v. McSpedan, 5 Biss. 64, Fed. Cas. No. 7,582; United States v. Bridgman, 9 Biss. 221, Fed. Cas. No. 14,645; Blair v. Turtle, 1 McCrary, 372, 5 Fed. 394; Atchison v. Morris, 11 Biss. 191, 11 Fed. 582; Compton v. Wilder, 40 Ohio St. 130; People ex rel. Watson v. Detroit Superior Judge, 40 Mich. 730; Re Cannon, 47 Mich. 482, 11 N. W. 280; Baldwin v. Branch Circuit Judge, 48 Mich. 525, 12 N. W. 686; Jacobson v. Hosmer, 76 Mich. 234, 42 N. W. 1110; Sherman v. Gundlach, 37 Minn. 118, 33 N. W. 549; Chubbuck v.

Cleveland, 37 Minn. 466, 5 Am. St. Rep. 864, 35 N. W. 362; Palmer v. Rowan, 21 Neb. 452, 59 Am. Rep. 844, 32 N. W. 210; Wanzer v. Bright, 52 Ill. 35; Williams v. Reed, 29 N. J. L. 385; Hill v. Goodrich, 32 Conn. 588; State ex rel. Brown v. Stewart, 60 Wis. 587, 50 Am. Rep. 388, 19 N. W. 429.

The immunity from service of civil process, of a witness while attending a trial in a state not his place of residence, is universally recognized. Sherman v. Gundlach, 37 Minn. 118, 33 N. W. 549; Mitchell v. Huron Circuit Judge, 53 Mich. 541, 19 N. W. 176; Thompson's Case, 122 Mass. 428, 23 Am. Rep. 370; Person v. Grier, 66 N. Y. 124, 23 Am. Rep. 35; Mullen v. Sanborn, 79 Md. 364, 25 L.R.A. 721, 47 Am. St. Rep. 421, 29 Atl. 522; Bishop v. Vose, 27 Conn. 1; Wilson Sewing Mach. Co. v. Wilson, 22 Fed. 803, 51 Conn. 595; Baldwin v. Emerson, 16 R. I. 304, 27 Am. St. Rep. 741, 15 Atl. 83; Ellis v. Degarmo, 17 R. I. 715, 19 L.R.A. 561, 24 Atl. 579; First Nat. Bank v. Ames, 39 Minn. 179, 39 N. W. 308; Shaver v. Letherby, 73 Mich. 500, 41 N. W. 677; Fisk v. Westover, 4 S. D. 233, 46 Am. St. Rep. 780, 55 N. W. 961; Re Healey, 53 Vt. 694, 38 Am. Rep. 713; Andrews v. Lembeck, 46 Ohio St. 38, 15 Am. St. Rep. 547, 18 N. E. 483; Matthews v. Tufts, 87 N. Y. 568; Wilson v. Donaldson, 117 Ind. 356, 3 L.R.A. 266, 10 Am. St. Rep. 48, 20 N. E. 250; Halsey v. Stewart, 4 N. J. L. 367.

This immunity is intended to shield the party from litigating a case in a jurisdiction into which plaintiff had no right to bring him. Thornton v. American Writing Mach. Co. 83 Ga. 288, 20 Am. St. Rep. 320, 9 S. E. 679; Freeman, Judgm. § 296, note to Mullen v. Sanborn, 25 L.R.A. 721; Wilson v. Donaldson, 117 Ind. 356, 3 L.R.A. 266, 10 Am. St. Rep. 48, 20 N. E. 250; Fisk v. Westover, 4 S. D. 233, 46 Am. St. Rep. 780, 55 N. W. 961.

The relator is entitled to a writ of habeas corpus, and his imprisonment may be inquired into by such writ. Smith v. Jones, 76 Me. 138, 49 Am. Rep. 598; Wood v. Neale, 5 Gray, 538; Com. v. Huggeford, 9 Pick. 257; Thompson's Case, 122 Mass. 428, 23 Am. Rep. 370; Ex parte M'Neil, 6 Mass. 245; Mullen v. Sanborn, 25 L.R.A. 735, note; Mitchell v. Huron Circuit Judge, 53 Mich. 542, 19 N. W. 176.

*Purcell, Divet, & Perkins* and *W. S. Lauder,* for Frank Budock, sheriff in custody of the petitioner.

The proceeding in which the order of arrest was issued belongs to that class of actions in which arrest and bail may be invoked. In such a case, on habeas corpus, the lawfulness of the arrest and imprisonment will be inquired into *only* to ascertain if the court had jurisdiction. State ex rel. Mears v. Barnes, 5 N. D. 350, 65 N. W. 688; Mullen v. Sanborn, 79 Md. 364, 25 L.R.A. 734, 47 Am. St..Rep. 421, 29 Atl. 522; Worth v. Norton, 76 Am. St. Rep. 542, note; State ex rel. Peterson v. Barnes, 3 N. D. 131, 54 N. W. 541; State ex rel. Styles v. Beaverstad, 12 N. D. 527, 97 N. W. 548; State v. Floyd, 22 N. D. 183, 132 N. W. 662; Ex parte McCullough, 35 Cal. 97; State v. Pratt, 20 S. D. 440, 107 N. W. 538, 11 Ann. Cas. 1049.

The remedy of habeas corpus can only be invoked when there is no other remedy. 21 Cyc. 285; Ex parte Walpole, 85 Cal. 362, 24 Pac. 657; State ex rel. Nixon v. Second Judicial Dist. Ct. 14 Mont. 396, 40 Pac. 66; Re Lancaster, 137 U. S. 393, 34 L. ed. 713, 11 Sup. Ct. Rep. 117; Bass v. Hightower, 94 Ga. 602, 21 S. E. 592; Ex parte Wilson, 6 Cranch, 52, 3 L. ed. 149.

The proper place to question the validity of an arrest, under the arrest and bail statute, where the security of the defendant's body is involved, is in the court where the action is pending. Southworth v. Resing, 3 Cal. 377.

It is generally held that a person is not privileged from arrest while in custody under criminal process, or, while attending or returning from his trial, on a *criminal charge*. 3 Cyc. 923; 1 Am. & Eng. Enc. Law, 724; Moore v. Green, 73 N. C. 394, 21 Am. Rep. 470; Scott v. Curtis, 27 Vt. 762; Wood v. Boyle, 177 Pa. 620, 55 Am. St. Rep. 747, 35 Atl. 853; Browning v. Abrams, 51 How. Pr. 172; Reid v. Ham, 54 Minn. 305, 21 L.R.A. 232, 40 Am. St. Rep. 333, 56 N. W. 35; Rutledge v. Krause, 73 N. J. L. 397, 63 Atl. 988; White v. Underwood, 125 N. C. 25, 46 L.R.A. 706, 74 Am. St. Rep. 630, 34 S. E. 104; Re Walker, 61 Neb. 803, 86 N. W. 513, 12 Am. Crim. Rep. 343; Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377, 27 L.R.A.(N.S.) 333, 134 Am. St. Rep. 886, 90 N. E. 962; Ex parte Flack, 88 Kan. 616, 47 L.R.A.(N.S.) 807, 129 Pac. 541.

Goss, J. One Frank Hendersen has petitioned this court for a writ of habeas corpus. As grounds for the writ, proof by affidavits has been submitted, establishing that from August 1st to December 25th last

Hendersen was a resident of Richland county in this state, and an employee of the Fairmount & Veblen Railway Company, a corporation. That on December 10th a criminal complaint charging embezzlement, a felony, was laid before a magistrate of said county, charging Hendersen with the commission of said crime, upon which a warrant for his arrest was duly issued. He was arrested thereon, and pending examination was held in $4,500 bail, which he furnished. That on December 25th Hendersen changed his residence to Minneapolis, Minnesota. This is proven by his own affidavit and those of residents of Minneapolis. That on said date he rented apartments in that city, to which he has moved his personal belongings, and where he has taken up his abode and at which place he claims to be actually residing. Although the opponents to the granting of this writ claim this residence to be merely colorable, and for the purpose of gaining some temporary advantage in these legal proceedings, and have offered affidavits tending in part to contradict the defendant's statements as to residence and to impeach his good faith, we find in favor of the petitioner on this question of fact under the proof and presumptions of law thereto applying; and find that on December 25th last the petitioner did change his residence from North Dakota to Minneapolis, Minnesota, and that on the date of this petition he was and now is a bona fide resident of Minnesota. Petitioner has returned from Minnesota without extradition for the sole purpose of defending the criminal charge of embezzlement so pending against him until the courts of this state since December 10, 1913, at all times until January 17, 1914, on which last date, after a preliminary examination lasting over two weeks, defendant was held for trial before the district court upon a charge of felony, which trial, according to the showing made, will probably take place at the coming term of district court to be held in June of this year. In holding defendant for trial the examining court has found the existence of probable cause to believe that felony has been committed and that the defendant is guilty thereof. He was so held in $4,500 bail pending trial, and has furnished a cash deposit in lieu of and as a bond in said amount for his appearance to answer said charge at the next term of the district court for Richland county.

After issuance of an order discharging him on bail approved, and about one minute after his release on bail, and while he was still in

the court room of the magistrate taking bail, he was served with a summons, complaint, and order for arrest on bail and arrest proceedings in an action wherein the corporation procuring his arrest for embezzlement is plaintiff and the petitioner is defendant. The order upon arrest and bail issued out of the district court of Richland county, directing that this petitioner be held in custody until he shall give bail on said order in the sum of $5,000, as provided by law. The proceedings upon bail and arrest are in proper form and the order of arrest and bail issuable in such an action. Petitioner is imprisoned in default of bail. Without moving to vacate the service or the proceedings, he made application to the district judge of the district in which he was confined for the issuance of a writ of habeas corpus, which was denied after full hearing on the merits. He here contends to be illegally restrained of his liberty, alleging that as a citizen of Minnesota he is privileged from arrest in attending upon trial of the criminal action against him pending in the courts of this state, and not subject to interference by arrest upon mesne process during the time of his attendance and until a reasonable time afforded him to return to Minnesota. This is the issue presented.

We have no statute bearing upon or controlling this situation. Had petitioner been in attendance as a witness or suitor in the civil courts of this state, as a citizen of Minnesota or any foreign state, he would be privileged and therefore exempt upon his claim of privilege from legal service in a civil suit (Hicks v. Besuchet, 7 N. D. 429–443, 66 Am. St. Rep. 665, 75 N. W. 793), or from arrest in arrest and bail proceedings, which are merely ancillary to the civil action of which the arrest and bail is but an incident. Of the existence of this general privilege there is no question. Under the common law to avail such privilege must be claimed.

But petitioner is before us in a case in which the reasons for this common-law privilege so applying in civil cases are entirely absent. As a suitor or witness in a civil case he could not be compelled to attend or to submit himself to the jurisdiction of our courts. And his entering the state must be voluntary, either to aid others by voluntarily appearing or testifying in their behalf, or to defend his own interests and voluntarily submit his cause to our courts for arbitrament. In either case the common law, on grounds of public policy, has privileged him from harassment of civil proceedings, the interests of justice and public

policy demanding it, and has thus encouraged the voluntary appearance of the nonresident, who is under no compulsion to appear, to disclose, or to litigate in a civil case in our courts. In either or any event he is voluntarily aiding in the administration of justice. But where the party served has been brought under extradition proceedings, or by force of criminal process, from the foreign state into ours, to her answer for crime committed within our boundaries, if at all, the defendant is not voluntarily here. He has no choice in the matter. He is rendering organized society no service. Instead, he is here charged with being a menace to it. While presumed innocent, he is not fulfilling any office of good citizenship nor voluntarily promoting justice. And except in sham criminal proceedings, wherein the criminal process is made a mere pretense upon which to perpetrate a fraud upon a defendant by procuring his involuntary attendance, not with the bona fide intent of his being criminally prosecuted, but instead to secure service of a summons or process in a civil suit upon him, the criminal proceedings being but an instrument used for the collection of a debt, the reasons upon which the common-law exemption is given to a civil suitor or witness are mostly, if not altogether, absent. The question before us is whether such privilege accorded the civil suitor or witness shall be extended, regardless, of nonexistence of reason, to cover the case of this petitioner, who, when served, was here as a criminal defendant, and as such, on principle, should have no privilege.

Such proceedings are often discussed in connection with the law applying to extradition. This petitioner is to be treated in all respects as though he had been extradited, and the fact that he is here without having been extradited is no circumstance against him. Assuming that he had been extradited instead of appearing voluntarily to protect his bail, he could have been prosecuted for any criminal offense other and wholly independent of the alleged crime on which he was extradited, provided that such extradition was from another state of this Union, and not from a foreign country, in which latter case an immunity guaranteed by treaty would then be violated. Knox v. State, 164 Ind. 226, 108 Am. St. Rep. 291, 73 N. E. 255, 3 Ann. Cas. 539, and note. As between the states of this Union there is no such immunity. Lascelles v. Georgia, 148 U. S. 537, 37 L. ed. 549, 13 Sup. Ct. Rep. 687, affirming 90 Ga. 347, 35 Am. St. Rep. 216, 16 S. E. 945. The object

27 N. D.—11.

of our extradition laws, as between states, is not to afford any refugee or fugitive any personal privilege or immunity whatever; neither is it their intent nor purpose that any state shall, as to the extraditing state, be considered as an asylum for a fugitive from justice. Thus theories of personal immunity or privilege because of this defendant's residence in another state, as appear in the reasoning of some courts as a foundation for so-called public policy invoked by petitioner, or wherein extradition between states is treated as analogous to extradition from a foreign country under treaty rights, should not on principle be considered. Such precedent, exaggerating the rights of a defendant in extradition, consistently announces generally a rule contrary to our conclusions on the merits. From a standpoint of number of cases alone, petitioner would be entitled to the writ prayed for, but the early precedent seems to have applied the common-law privilege of suitors and witnesses in civil cases indiscriminately to criminal defendants, without distinguishing or apparently observing the want of grounds therefor. There seems to be a well-marked tendency in those courts not irrevocably committed to the extension of said privilege to criminal defendants, to deny it as to them. What we believe to be the weight of recent authority is to that effect, and recognizes the want of reason for adherence to the early rule. When the reason for the rule fails the rule itself should fall, is the statute of our state as well as the course dictated by common sense.

It may be urged that these proceedings in arrest and bail may interfere with the right of this defendant to make his defense in the criminal prosecution, a plausible and for the moment appealing circumstance that admittedly may be the result. But had the defendant remained a resident of this state, as he concededly was at the time of any commission of this offense for which he is held for trial, he would have been subject to arrest and imprisonment on mesne civil process. On the contrary, had he then been a resident of Minnesota and been extradited here, he would have been subject to prosecution for any criminal offense, and to which further criminal prosecutions might have been added, the result of which might have been to equally hamper him in his first defense. Such subsequent prosecution would have violated no rule of comity between states, as the state of Minnesota has no inter-

est in shielding either a refugee from this state, or one domiciled within its borders, from amenability for crimes here committed. To recognize any such rule as contended for would be contrary to the whole theory of the extradition laws.

It has been argued that to permit these proceedings may cause the executive of a foreign state to deny extradition in meritorious cases. The granting of extradition is intrusted to the chief executive of the state. He may, and oftentimes does, assume the right he does not under the spirit of the extradition laws possess, to pass upon the real merit of the prosecution. He may assume a given case to be an abuse of process, and deny extradition, the equivalent of holding that the courts of the extraditing state will permit an abuse of their process. Nor is it the duty of an executive to refuse rendition under extradition under a plea of protection of the property rights of the fugitive, as must be the case should such grounds be considered in passing upon requisition. Had this defendant been extradited, the foreign executive should not be concerned with whether the fugitive if rendered on extradition would thereafter be served with civil process, with perhaps bail and arrest proceedings as an incident thereto. The courts here are, as the courts there would be, amply able to see that fraudulent use is not made of criminal process to obtain extradition merely for the purpose of mulcting by subsequent civil proceedings the party so prosecuted. This duty is entrusted to the courts, and the rule is well established that in such cases of fraud the defendant will be regarded, and his rights measured, as though he had not come within the jurisdiction, the court not permitting its process to be used to perpetrate a fraud upon him in getting him here. This question has not been raised in this case except as it incidentally appears from the single fact that the corporation procuring his criminal prosecution is the plaintiff in the civil action. That such plaintiff made use of criminal process to obtain petitioner's presence here, that he might then be served with civil process, is wholly negatived by the fact that at the time of the laying of the criminal complaint, and for two weeks thereafter, including the time of his arrest, he was a resident and householder of Richland county, where he and his wife were residing. Had the corporation plaintiff desired to serve a civil process, it could have done so without

employing the aid of any criminal prosecution. No principle of extradition is violated by a denial of privilege, available in civil proceedings, to petitioner here as a defendant in a criminal case.

Any extended quotation from the authorities is needless. We must choose between two opposing lines of authority. Our holding is in line with the following:

Netograph Mfg. Co. v. Scrugham, 27 L.R.A.(N.S.) 333, and note, 197 N. Y. 377, 134 Am. St. Rep. 886, 90 N. E. 262; Bank of Metropolis v. White, 26 Misc. 504, 57 N. Y. Supp. 460; Moore v. Green, 73 N. C. 394, 21 Am. Rep. 470; White v. Underwood, 125 N. C. 25, 46 L.R.A. 706, 34 S. E. 104; Mullen v. Sandborn, 79 Md. 364, 25 L.R.A. 721, 47 Am. St. Rep. 421, 29 Atl. 522; Reid v. Ham, 54 Minn. 305, 21 L.R.A. 232, 40 Am. St. Rep. 333, 56 N. W. 35; Scott v. Curtis, 27 Vt. 762; Wood v. Boyle, 177 Pa. 620, 55 Am. St. Rep. 747, 35 Atl. 853, and note in 38 Am. Rep. at page 720; Re Walker, 61 Neb. 803, 86 N. W. 513, 12 Am. Crim. Rep. 343; Rutledge v. Krauss, 73 N. J. L. 397, 63 Atl. 988; Knox v. State, 164 Ind. 226, 108 Am. St. Rep. 291, 73 N. E. 255, 3 Ann. Cas. 539; and the earlier New York cases of Williams v. Bacon, 10 Wend. 636; Browning v. Abrams, 51 How. Pr. 172; and Lucas v. Albee, 1 Denio, 666; 23 Century Dig. Extradition, § 53; Decen. Dig. same title §§ 41, 42, 19 Cyc. 98. The trend of recent decisions is well illustrated in Re Flack, decided a year ago by the supreme court of Kansas, and reported in 88 Kan. 616, 47 L.R.A. (N.S.) 807, 129 Pac. 541, where that court expressly overruled State v. Hall, 40 Kan. 338, 10 Am. St. Rep. 200, 19 Pac. 918, in principle analogous to that we are asked by petitioner to adopt, while Re Flack is analogous in principle to our holding that a defendant extradited from another state comes without privilege from arrest in a civil suit.

For contrary holdings, see Murray v. Wilcox, 122 Iowa, 188, 64 L.R.A. 534, 101 Am. St. Rep. 263, 97 N. W. 1087; Moletor v. Sinnen, 76 Wis. 308, 7 L.R.A. 817, 20 Am. St. Rep. 71, 44 N. W. 1099, which case could have been disposed of as one of fraudulent requisition to obtain service in civil proceedings; the same with Re Cannon, 47 Mich. 481, 11 N. W. 280. See also Martin v. Bacon, 76 Ark. 158, 113 Am. St. Rep. 81, 88 S. W. 863, 6 Ann. Cas. 336; State ex rel. Hattabaugh v. Boynton, 140 Wis. 89, 121 N. W. 887, 17 Ann. Cas. 618; Compton v. Wilder, 40 Ohio St. 130. The citations on both sides of this question

'might be multiplied, but the notes to these reports cite numerous authorities.

We are satisfied that the common-law privilege that would protect this petitioner from arrest under civil process, had he been attending the courts of this state as a witness in a civil or criminal case, or as a suitor in a civil suit, should have no application where he is here as a defendant in a criminal prosecution. The writ is therefore denied.