CHARLES BUBAR v. MARKO DIZDAR AND OTHERS.[1]

July 17, 1953.

No. 36,016.

---

[1]Reported in 60 N. W. (2d) 77.

*Silver, Goff & Murphy,* for appellants.
*Hall, Smith & Hedlund* and *Paul Engelhard,* for respondent.

DELL, CHIEF JUSTICE.

This is an appeal from an order denying a motion to set aside and vacate the service of the summons and to dismiss the action.

Defendant Marko Dizdar, a resident of Texas, was arrested in that state under a criminal warrant issued out of the municipal court of the city of St. Paul, Minnesota, charging him and the other defendants with the crime of fraudulently selling an interest in oil lands located in Kansas in violation of the blue sky law of the state of Minnesota. He waived extradition and on October 10, 1952, at 10 a. m. appeared in the district court of Ramsey county and entered a plea of guilty to the crime. Sentence was deferred until 3 p. m. At approximately 1:30 p. m. service of the summons and complaint in this action, which arises out of the same facts as the criminal proceedings, was made upon the defendant Dizdar in the city of St. Paul. At 3 p. m. sentence was imposed pursuant to the plea of guilty previously entered. Dizdar left the state that day and returned to Texas.

A special appearance was entered in the action and a motion made to set aside and vacate the service of the summons and to dismiss the action upon jurisdictional grounds. The motion was denied.

The appeal raises two questions: (1) Is the order appealable? (2) Was there immunity from service of civil process under M. S. A. 629.24 at the time of the service of the summons?

■ The order is appealable. No extended discussion is required. It is the settled law of this state that an order denying the motion of a defendant, appearing specially for that purpose, to set aside the service of the summons upon him is an appealable order.[2]

■ This court, in the case of Reid v. Ham, 54 Minn. 305, 56 N. W. 35, 21 L. R. A. 232, held under the common law that a citizen of the territory of Utah who was brought into this state from that territory under arrest as a fugitive from justice upon a requisition pursuant to the constitution and laws of the United States was not exempt from civil prosecution in an action instituted against him by service of a summons while detained here under such proceedings. The legislature subsequently enacted the uniform criminal extradition act, M. S. A. c. 629. Section 629.24 of the act provides in part:

"A person brought into this state by, or after waiver of, extradition based on a criminal charge, shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceedings to answer which he is being or has been returned, *until he has been convicted* in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited." (Italics supplied.)

A statute in derogation of a well-established principle of common law will not be extended by construction beyond its most obvious import.[3]

Dizdar contends that notwithstanding his plea of guilty he was not convicted within the meaning of the statute and was, there-

[2]Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124; Curran v. Nash, 224 Minn. 571, 29 N. W. (2d) 436, 174 A. L. R. 411; Dillon v. Gunderson, 235 Minn. 208, 50 N. W. (2d) 275.

[3]Stewart v. Duncan, 40 Minn. 410, 42 N. W. 89; Bloom v. American Express Co. 222 Minn. 249, 23 N. W. (2d) 570; Braufman v. Hart Publication, Inc. 234 Minn. 343, 48 N. W. (2d) 546, 25 A. L. R. (2d) 1030; 6 Dunnell, Dig. & Supp. § 8958.

fore, immune from service of civil process under the statute at the time the summons was served. It is his claim that he was not convicted until sentence was imposed upon his plea.

The problem before us is whether a plea of guilty is the equivalent of the term "convicted," as used in the statute. If it is, appellant's immunity terminated upon his plea of guilty. If not, the service of the summons in this action, since it arose out of the same facts as the criminal proceedings, was invalid.

The uniform criminal extradition act has been adopted by 34 states.[4] The precise question raised by this appeal, as far as we are advised, has not been passed upon by any of the states which have adopted the act. However, the question of whether a "plea of guilty" is the equivalent of the term "convicted" has been resolved by a number of states, including Minnesota,[5] in interpreting other statutes dealing with the term. The majority of the states, in interpreting other statutes, have held that the term "convicted" or "conviction" must be given its ordinary meaning.[6] They reason that in ordinary legal parlance the term, when used to designate a particular stage of a criminal prosecution, is a confession of the accused of guilt in open court or a finding or verdict of guilt by a

[4] 9 Uniform Laws Ann. p. 169.

[5] In the case of Warren v. Marsh, 215 Minn. 615, 622, 11 N. W. (2d) 528, 531, this court, in construing the phrase "record of the conviction" under the highway traffic regulation act, rejected the technical definition of the term "convicted" and stated: "The word 'conviction' includes a plea of guilty as well as a finding of guilty."

[6] State ex rel. Butler v. Moise, 48 La. Ann. 109, 18 So. 943, 35 L. R. A. 701; Commonwealth v. Lockwood, 109 Mass. 323, 12 Am. R. 699; Battistelli v. State, 141 Tenn. 565, 213 S. W. 417; Goss v. State, 107 Tex. Cr. 659, 298 S. W. 585; State v. O'Dell, 71 Idaho 64, 225 P. (2d) 1020; Rowland v. State, 72 Ga. App. 793, 35 S. E. (2d) 372; Matter of Weinrib v. Beier, 269 App. Div. 481, 57 N. Y. S. (2d) 48; In re Anderson, 34 Cal. App. (2d) 48, 92 P. (2d) 1020; State v. Hastings, 54 N. D. 871, 211 N. W. 813; People v. Marsh, 125 Mich. 410, 84 N. W. 472, 51 L. R. A. 461; Schireson v. State Bd. of Medical Examiners, 130 N. J. L. 570, 33 A. (2d) 911; State v. Robinson, 224 N. C. 412, 30 S. E. (2d) 320; Jenness v. State, 144 Me. 40, 64 A. (2d) 184. See, also, 9 Wd. & Phr. (Perm. ed.) 594.

court or jury. They recognize as a conviction the establishment or ascertainment of guilt prior to and independently of judgment or sentence. They hold that judgment or sentence serves merely as the basis of an appeal or execution and does not enlarge the plea or verdict or aid in the determination of the guilt of the accused and that the sentence of the court is not essential to the completion of a conviction.

24 C. J. S., Criminal Law, § 1556, citing authorities from many jurisdictions, defines "conviction" when used in its ordinary legal sense and when used in its technical legal sense.[7]

14 Am. Jur., Criminal Law, § 272, citing numerous cases, states:

"A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the highest order, * * *."

22 C. J. S., Criminal Law, § 424, citing authorities, states:

"* * * a plea of guilty is a confession of guilt and equivalent to a conviction, * * *."

The Code of Criminal Procedure, proposed by the American Law Institute (the same institute under whose sponsorship the uniform codes generally are drawn), § 360, states:

---

[7] "'Conviction' as ordinarily used in legal phraseology as indicating a particular phase of a criminal prosecution triable by a jury includes the establishment of guilt by accused's admission thereof, by confession in open court, by a plea of confession, or by a plea of guilty in open court to a charge duly presented; or by a verdict or finding of guilt by a jury, or, under a statute so intending, the decision overruling a demurrer. The common characteristic of these definitions is that they recognize as a conviction, the establishment or ascertainment of guilt, prior to and independently of judgment or sentence, although, of course, the latter are based thereon. In accordance with the foregoing, 'conviction' in its ordinary legal sense is distinguishable and has been distinguished from sentence as defined supra in subdivision a (1) of this section.

"In the restricted or technical legal sense in which it is sometimes used, conviction means the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to a verdict, confession, or plea of guilty."

"The term conviction as used in this Code means the final acceptance of a plea of guilty or the finding by the jury or by the court that the defendant is guilty."

The commentaries on pp. 1036 and 1037 accompanying the draft of the code support the definition.

A minority of the states hold that the term should be used in its technical legal sense. These states hold that the term "convicted" refers to the final judgment of the court and that a person is not convicted until judgment or sentence has been imposed.[8]

Giving due consideration to the wording of the statute, it is apparent that the purpose of the statute is to afford protection to the innocent and not to shield those known to be guilty for the statute provides that immunity from service of personal process shall terminate upon conviction, and to those who are acquitted a reasonable opportunity is afforded to return to the state from which they were extradited. To give effect to the intent of the legislature, we conclude that the term "convicted," as used in the statute, should be given its ordinary and popular legal meaning rather than its technical meaning. Where, by a plea of guilty, it has been established that a defendant is not innocent, there is no longer any reason to afford him statutory immunity from service of process. Giving effect to such construction, we conclude that a plea of guilty entered in open court is the equivalent of a conviction and that the trial court properly refused to set aside and vacate the service of the summons and to dismiss the action.

Affirmed.

---

[8]Campion v. Gillan, 79 Neb. 364, 112 N. W. 585, 11 L.R.A.(N.S.) 865, 126 A. S. R. 667, 16 Ann. Cas. 319; Ex parte White, 28 Okl. Cr. 180, 230 P. 522; Commonwealth v. Minnich, 250 Pa. 363, 95 A. 565, L. R. A. 1916B, 950.