# STATE v. S. H. TARAN.

## 91 N. W. (2d) 444.

### July 11, 1958—No. 37,321.

*Hoffmann, Donahue, Graff, Schultz & Springer,* for appellant.

*Miles Lord,* Attorney General, and *Jerome J. Sicora,* Special Assistant Attorney General, for respondent.

THOMAS GALLAGHER, JUSTICE.

Appeal from an order denying defendant's motion to vacate service of summons upon him in a civil action by the state to recover delinquent income taxes claimed to be due from him. On April 18, 1957, the date of service, defendant was a resident of the State of Florida where he had resided since 1945 but was present in St. Paul to defend criminal proceedings against him in the United States District Court.

On September 13, 1956, the grand jury for the Federal district of Minnesota returned an indictment against defendant, charging him with violation of 62 Stat. 770, 18 USCA, § 1505. His trial was set for the April 1957 term of the United States District Court, Third Division, at St. Paul and commenced April 17, 1957. Shortly prior thereto he executed a bond for his appearance therein. By its terms he agreed to be present while the case was being heard or to forfeit the amount of the bond and to be taken into custody by the United States Marshal and compelled to be present during trial in such custody.

Defendant arrived in St. Paul a few days prior to the commencement of his trial and remained there until it was concluded May 8, 1957. The sole purpose of his presence in St. Paul during this period was to defend the criminal proceedings against him and to comply with the terms and provisions of the bond.

On April 18, 1957, while he was thus present, service of summons and complaint in the present proceedings was made upon him in St. Paul. Subsequently, he moved to vacate such service on the ground that the fact that his presence in Minnesota was under compulsion for the purpose of defending himself in criminal proceedings in the United States District Court exempted him from civil process while present for such purpose. On May 28, 1957, the trial court made its order denying this motion, indicating in a memorandum attached thereto that its decision was based upon the decision of this court in Reid v. Ham, 54 Minn. 305, 56 N. W. 35, 21 L. R. A. 232.

On appeal defendant contends (1) that as a nonresident who came into the state to appear as a party in legal proceedings he was exempt from process in civil actions; (2) that by virtue of M. S. A. 629.24[1] he was exempt from service of process; and (3) that under the rule of the Federal court he was immune from civil process while here to defend himself in criminal proceedings in Federal court, and that, since the latter first acquired jurisdiction over his person within Minnesota, under principles of comity the Minnesota court should apply the Federal rule.

■ This court has held that *witnesses* in civil or criminal proceedings who voluntarily enter the state from a foreign jurisdiction to give testimony therein are immune from the service of process while present for such purpose. Sherman v. Gundlach, 37 Minn. 118, 33 N. W. 549. Like immunity has been extended to *parties* to litigation in civil proceedings present here from a foreign jurisdiction to protect personal interests involved therein. First Nat. Bank v. Ames, 39 Minn. 179, 39 N. W. 308. As indicated in the cited cases, the object of the rule is to encourage witnesses from outside the state to come forward voluntarily to testify and to afford foreign litigants full opportunity to be present

---

[1] "A person brought into this state by, or after waiver of, extradition based on a criminal charge, shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceedings to answer which he is being or has been returned, until he has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited."

and heard when their cases are tried in furtherance of the due administration of justice.

■ However, this exemption from civil process has never been extended by this court to parties from foreign jurisdictions who are present here under compulsion for the purpose of defending themselves in criminal proceedings. As stated in Reid v. Ham, 54 Minn. 305, 307, 56 N. W. 35, 36, 21 L. R. A. 232, 233:

"No considerations of public policy, as we think, require that the accused should be exempt from being prosecuted civilly. The considerations upon which our decisions in Sherman v. Gundlach, 37 Minn. 118, (33 N. W. Rep. 549,) and First Nat. Bank v. Ames, 39 Minn. 179, (39 N. W. Rep. 308,) were founded have little, if any, application. The declared exemption from service of summons upon a nonresident witness, in the former case, and in the other upon a nonresident party to an action on trial here, and who was also a witness, was based upon the policy of encouraging the voluntary personal attendance, at the trial of causes, of persons whose presence and testimony may be necessary for the better administration of justice, and whose attendance cannot be compelled. As has already been said, in cases of extradition or interstate rendition there is no encouragement or inducement held out to the accused to come voluntarily into the state. He comes by compulsion. We fail to see how the administration of justice could be promoted by holding the accused protected from the service of a summons in a civil action."

See, also, Bubar v. Dizdar, 240 Minn. 26, 60 N. W. (2d) 77; Ryan v. Ebecke, 102 Conn. 12, 128 A. 14, 40 A. L. R. 88; Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377, 90 N. E. 962, 27 L.R.A. (N.S.) 333; White v. Underwood, 125 N. C. 25, 34 S. E. 104, 46 L. R. A. 706; In re Henderson, 27 N. D. 155, 145 N. W. 574, 51 L.R.A. (N.S.) 328; Anderson v. Atkins, 161 Tenn. 137, 29 S. W. (2d) 248; State ex rel. Alexander-Coplin & Co. v. Superior Court, 186 Wash. 354, 57 P. (2d) 1262.

A number of the Federal courts as well as a few state jurisdictions have adopted a rule contrary to the Minnesota doctrine and have granted immunity to parties present under compulsion within a juris-

diction to defend criminal charges against them. Adamy v. Parkhurst (6 Cir.) 61 F. (2d) 517; Bramwell v. Owen (D. Ore.) 276 F. 36; Church v. Church, 50 App. D. C. 239, 270 F. 361, 14 A. L. R. 769; Feister v. Hulick (E. D. Pa.) 228 F. 821; Kaufman v. Garner (C. C. W. D. Ky.) 173 F. 550; Murray v. Wilcox, 122 Iowa 188, 97 N. W. 1087, 64 L. R. A. 534; Moletor v. Sinnen, 76 Wis. 308, 44 N. W. 1099, 7 L. R. A. 817; Martin v. Bacon, 76 Ark. 158, 88 S. W. 863.

■ There is nothing in § 629.24 which modifies or requires a diversion from the Minnesota rule. This statute provides only that a person brought here to answer criminal charges shall not be subject to process in civil actions arising out of the facts involved in the criminal proceedings for which he has been returned until subsequent to conviction therein. It is not disputed that the civil proceedings here are for the collection of delinquent income taxes and do not involve or arise out of the facts for which defendant was being tried in the Federal court so as to make § 629.24 applicable. Nor would the fact that defendant presented himself for trial under the terms of his bond indicate that his presence here was voluntary rather than under compulsion. He was in the custody of the law under the terms of his bond, and his failure to comply therewith would have subjected him to immediate custody and confinement by the United States Marshal pending his trial. See, Anderson v. Atkins, 161 Tenn. 137, 29 S. W. (2d) 248; Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377, 90 N. E. 962, 27 L.R.A. (N.S.) 333; In re Henderson, 27 N. D. 155, 145 N. W. 574, 51 L.R.A. (N.S.) 328; Broaddus v. Partrick, 177 Tenn. 335, 149 S. W. (2d) 71; Ryan v. Ebecke, 102 Conn. 12, 128 A. 14, 40 A. L. R. 88; State ex rel. Alexander-Coplin & Co. v. Superior Court, 186 Wash. 354, 57 P. (2d) 1262.

■ It is true that the Federal courts have adopted the rule that a party present within a jurisdiction by compulsion to defend criminal charges against him is exempt from service of civil process. (See Federal cases cited under paragraph 2.) Defendant urges that, since the defendant here was within Minnesota to defend himself in criminal proceedings in which the Federal court had jurisdiction, under principles of comity the Minnesota courts should apply the Federal doctrine. The principle of comity as expressed in 21 C. J. S., Courts, § 545, under

note 65, "is based on the theory that a court which first asserted jurisdiction will not be interfered with in the continuance of its assertion by another court of foreign jurisdiction until it is convenient and desirable that the one give way to the other, and is not a rule of law, but one of practice, convenience, and expediency." In Doerr v. Warner, 247 Minn. 98, 110, 76 N. W. (2d) 505, 514, we stated that comity is recognized as the rule "whereby the states yield to each other in matters of jurisdiction in order to reduce to a minimum those areas of irreconcilable conflict which delay and tend to defeat the orderly administration of justice."

In the instant case it can be readily ascertained that service of process upon defendant while he was present for defense of the criminal proceedings in Federal court in no way conflicted with or impeded the administration of justice therein so as to require application of the principles of comity as above defined. See, State ex rel. Alexander-Coplin & Co. v. Superior Court, *supra;* 35 Minn. L. Rev. 672.

■ Public policy requires that the courts be open and accessible to all persons who seek to have their claims submitted to litigation, and for this purpose nonresident parties ordinarily should be amenable to service of process. Immunity therefrom should be granted only for good and substantial reasons. The voluntary appearance of witnesses or parties from foreign jurisdictions in furtherance of the orderly and fair adjudication of claims or disputes in litigation constitutes a good reason for granting immunity to such parties while they are present for the described purpose. There is nothing either in public policy or under the rules of comity which would require the granting of such immunity to a party who has committed an act in violation of law and for which he has been returned under compulsion to defend himself. See, Keeffe, and Roscia, *Immunity and Sentimentality,* 32 Cornell L. Q. 471, 486.

Affirmed.

Mr. Justice Murphy took no part in the consideration or decision of this case.