CARROLL, Judge.
The appellee S. A. Taran was indicted by a federal grand jury in the State of Minnesota for an offense under the laws of the United States. Released on bond he left the state but returned to Minnesota for trial. While so present, he was served with process in a civil action brought against him by the State of Minnesota for unpaid state income taxes. His motion to *894 vacate the service was denied, judgment was entered and he appealed to the Supreme Court of Minnesota. That court affirmed (State v. Taran, 1958, 253 Minn. 158, 91 N.W.2d 444), and pointed out that under the laws of Minnesota protection against process was given parties in civil proceedings who have come into the state to protect their personal interests involved in such proceedings, but that neither by law, comity or public policy was the state required to relieve from process such a party who is present because involved in a criminal prosecution.
Thereafter an action was brought in Florida on the Minnesota judgment, where Tar-an again made the contention that the service on him in Minnesota was improper. This time he prevailed. The trial court in Florida first granted summary final judgment in favor of the plaintiff in the amount of $863.23 with interest and costs. Thereafter the defendant moved on rehearing to set aside the summary final judgment. That motion was supported by an affidavit setting forth the fact that the civil action in which the judgment was obtained in Minnesota was predicated on service upon the defendant at the time he was present responding to a prosecution in the federal court there, as outlined above in this opinion. The trial court granted the motion, vacated the judgment and entered judgment for the defendant, for the assigned reason that “inasmuch as it is the ruling of this Court that the service obtained against the defendant by the plaintiff, in the State of Minnesota, in the year 1957, was and is contrary to the public policy of the State of Florida and thus the Judgment rendered thereon, which is the predicate for the suit herein, is incapable of being enforced in this State.” This appeal is from that order.
Appellant contends the Minnesota judgment was entitled to be accorded full faith and credit under the federal constitution. The contention of the appellee is that full faith and credit was properly denied to the foreign judgment because jurisdiction was obtained in Minnesota on a basis which is contrary to the public policy of Florida.
The Minnesota judgment was valid where rendered, and was entitled to full faith and credit here. Lightweight contrary policies in one state will not counterbalance the top-heavy compulsion of the full faith and credit clause of the federal constitution to observe and enforce the judgments of another state.
The question of whether the defendant was immune to process in Minnesota in the circumstances presented there was tried and determined between these parties in that state, and is res judicata. Upon disposing of the matter the Supreme Court of Minnesota said (State v. Taran, supra, 91 N.W.2d at p. 448):
“Public policy requires that the courts be open and accessible to all persons who seek to have their claims submitted to litigation, and for this purpose non-resident parties ordinarily should be amenable to service of process. Immunity therefrom should be granted only for good and substantial reasons. The voluntary appearance of witnesses or parties from foreign jurisdictions in furtherance of the orderly and fair adjudication of claims or disputes in litigation constitutes a good reason for granting immunity to such parties while they are present for the described purpose. There is nothing either in public policy or under the rules of comity which would require the granting of such immunity to a party who has committed an act in violation of law and for which he has been returned under compulsion to defend himself. See, Keeffe and Roscia, Immunity and Sentimentality, 32 Cornell L.Q. 471, 486.”
In Harris Inv. Co. v. Hood, 123 Fla. 598, 167 So. 25, 29, the Supreme Court of Florida quoted the language of Justice Brandéis in an earlier opinion of the Supreme Court of the United States, Broderick v. Rosner, *895 294 U.S. 629, 55 S.Ct. 589, 79 L.Ed. 1100, saying:
“ * * * the full faith and credit clause does not require the enforcement of every right which has ripened into a judgment of .another state or has been conferred by its statutes. [Citing cases.] But the room left for the play of conflicting policies is a narrow one. * t- *»
The fact that Florida may have a different rule with reference to such immunity from process in proceedings initiated in this state[1] is not of itself a reason to reject as unworthy of full faith and credit a judgment of a sister state whose holding is otherwise. Thus in Carroll v. Gore, 106 Fla. 582, 143 So. 633, 637, 89 A.L.R. 1495, the Supreme Court of Florida in dealing with an analogous situation held that full faith and credit should be accorded a judgment entered in Illinois based on a cognovit note, although that represented a procedure contrary to Florida policy. In so holding the Florida Supreme Court said:
“The ultimate question presented here is whether such confessed judgment in the state of Illinois, which would not be permissible under our statutes, may legally be the subject of a valid suit in the courts of this state, it being conceded to be valid in that state. Puterbaugh’s Common Law Pleading and Practice (8th Ed.) 458, 459, which appears to be practically a common-law text book for Illinois, states that ‘a judgment which by the laws of the state where it is rendered is conclusive on the parties, is equally so when suit is brought thereon in another state.’ In fact, as a general rule, the validity and effect of the authority to confess judgment ‘are governed by the law of the place where the power is given and the judgment is entered, although the defendant is a resident of another state at the time the power is executed; and if the power is valid where given, it generally will be recognized in another state, although invalid under the laws of the latter state.’ See 34 C.J. 107, § 286, and number of authorities there cited.
“In conclusion, our opinion is that a judgment entered under a warrant of attorney to confess judgment without process, authorized under the laws of the state where made, will not be denied enforcement in this state merely because the statutes of this state prohibit confessions upon warrant of attorney ‘before such action brought.’ See 40 A.L.R. 441, annotations.”
For the reasons stated the order appealed from is reversed and the cause is remanded with directions to reinstate the summary final judgment in favor of the plaintiff.
Reversed and remanded.

. See Rorick v. Chancey, 130 Fla. 442, 178 So. 112.