## CAR LEASE INCORPORATED AND ANOTHER v.
## PHILLIP KITZER, SR., AND OTHERS.
## JEROME M. SAX AND ANOTHER, APPELLANTS.

149 N. W. (2d) 673.

March 31, 1967—Nos. 40,278, 40,279.

*Gerald M. Singer,* for appellants.

*Andrew P. Engebretson,* for respondents.

ROGOSHESKE, Justice.

Appellants, nonresidents of this state, each appeal from an order denying a motion to quash personal service of civil process upon them while they were involuntarily present in this state to respond to Federal criminal charges.

The facts are stipulated. Plaintiffs commenced an action for damages against multiple parties, including appellants, by personal service of process upon them on November 10, 1965. Both appellants were then and are now residents of Illinois. Knowing that warrants were to be issued for their arrests if they failed to appear in Federal court in Minnesota, both came to Minnesota, appeared in Federal court, and pled not guilty to the criminal charges. Immediately thereafter the questioned service was personally made upon them while they were in the vicinity

of the Federal Courts Building. The subject matter of the action arises out of the same facts as the pending criminal proceedings. Neither appellant was brought into this state by, or after waiver of, extradition based upon the pending charges.

The question raised is whether valid service of civil process can be made upon a nonresident who is present in Minnesota in compliance with an order to appear for arraignment in a Federal criminal proceeding where the subject matter of the civil action arises out of the same facts as the criminal proceeding. Our answer must be governed by the policy of this state, expressed both by statute and prior decisions.

Minn. St. 629.24 provides in part:

"A person brought into this state by, or after waiver of, *extradition* based on a criminal charge, shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceedings to answer which he is being or has been returned, until he has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited." (Italics supplied.)

While we have not passed upon the precise question presented, there can be no doubt that the policy of this state has been to deny immunity to a nonresident who is involuntarily in our state to respond to criminal charges and to limit the exemption granted by statute strictly to its terms.

Section 629.24, as part of the Uniform Criminal Extradition Act enacted in 1939, modified the common-law rule of nonimmunity first declared in 1893 in Reid v. Ham, 54 Minn. 305, 307, 56 N. W. 35, 36, 21 L. R. A. 232, 233, where it was held that a resident of Utah brought into this state upon an interstate "requisition" (similar to present extradition proceedings) to answer criminal charges was, while detained in this state, not immune from service of civil process. The court stated:

"No considerations of public policy, as we think, require that the accused should be exempt from being prosecuted civilly."

There were two reasons for this conclusion. The accused came into the state by compulsion and there was no reason to encourage his voluntary

appearance by granting him immunity. Further, it was not necessary to grant immunity to guard against the fraudulent use of requisition to secure personal service of process in a civil case since the courts could strike down the validity of the service in cases where fraud is proven. The court concluded (54 Minn. 308, 56 N. W. 36, 21 L. R. A. 233):

"* * * We deem it unnecessary and unreasonable, as a means of guarding against possible fraud in some cases, to hold the accused in all cases to be absolutely exempt from liability to respond to civil process, even though confessedly no fraud has been practiced."

Section 629.24 not only modified the rule of unlimited exposure to personal service but contravened the court's basic reasoning for the statutory exemption was for the apparent purpose of insuring against fraudulent use of extradition as a means of securing personal civil jurisdiction over the accused or otherwise forcing settlement of civil claims by fraudulently threatening extradition. Thermoid Co. v. Fabel, 4 N. Y. (2d) 494, 176 N. Y. S. (2d) 331, 151 N. E. (2d) 883; Santos v. Figueroa, 87 N. J. Super. 227, 208 A. (2d) 810.

The question of the extent to which the policy of the state was modified by statute was laid to rest in Bubar v. Dizdar, 240 Minn. 26, 60 N. W. (2d) 77. There, a nonresident waived extradition, appeared, and pled guilty to state criminal charges. After his plea, he was served with a summons and complaint in a civil action arising out of the same facts as the criminal proceeding. The crucial issue was whether his plea was equivalent to being "convicted," as the immunity under the statute extended only up to the time he was "convicted." The ambiguity of the term—which could be held to mean simply a plea of guilty in its ordinary sense or a plea and sentence in its technical sense—afforded the court a choice to either restrict or enlarge the potential scope of the statute. It chose the former, holding that defendant was not immune from service. Citing Reid v. Ham, *supra*, the court stated (240 Minn. 28, 60 N. W. [2d] 79):

"* * * A statute in derogation of a well-established principle of common law will not be extended by construction beyond its most obvious import."

Thus the court refused to alter the common-law rule of nonimmunity except in so far as it was clearly modified by the statute.

In State v. Taran, 253 Minn. 158, 91 N. W. (2d) 444, we held that a nonresident who appears under compulsion of a bond in a criminal proceeding before a United States District Court in Minnesota is not immune from service of process in a civil action not arising out of or involving facts upon which the criminal prosecution was based. The application of § 629.24 was precluded by the fact situation. The court, citing Reid v. Ham, *supra*, with approval, refused for the second time to depart from the policy of nonimmunity in areas outside the scope of the statute, even though it recognized that a considerable number of other jurisdictions follow a contrary rule.[1] Observing that service of civil process in no way conflicted with or impeded the Federal criminal proceeding so as to require exemption as a matter of comity to the Federal jurisdiction, it was stated (253 Minn. 163, 91 N. W. [2d] 448):

"Public policy requires that the courts be open and accessible to all persons who seek to have their claims submitted to litigation, and for this purpose nonresident parties ordinarily should be amenable to service of process. Immunity therefrom should be granted only for good and substantial reasons."

Since § 629.24 extends immunity only to persons brought into the state "by, or after waiver of, extradition," appellants do not come within its scope. They assert, however, that they came to Minnesota under compulsion as their failure to appear would have resulted in immediate arrest and forcible removal from Illinois. They argue that, since they waived their right to a removal hearing and removal proceedings under the Federal rules[2] are similar to extradition proceedings, they should be treated as having in effect waived extradition to this state.

Extradition proceedings, however, are distinctly unlike Federal removal proceedings. Extradition exclusively concerns the jurisdiction of sovereign states over the person, and it is an essential of such proceed-

---

[1] 72 C. J. S., Process, § 82.

[2] Rule 40, Federal Rules of Criminal Procedure.

ings that a demand be made by one sovereign upon another sovereign for the surrender of a fugitive. In removal proceedings there is but one sovereign, the United States government, and such proceedings concern only the question of the most convenient forum to hear the case. To construe the statutes as appellants urge is clearly unwarranted.

What appellants in effect request is that we now create judicially a rule of immunity for nonresidents served with civil process under the circumstances of this case. It is claimed that such is justified in order to prevent interference with the orderly process of the criminal proceedings which will result from (1) publicity of the civil proceeding, including that engendered by discovery proceedings—especially when defendants find it necessary to claim the privilege against self-incrimination; and (2) interference with the time required to prepare for the criminal trial by subjecting defendants to the harassment of pretrial discovery, either independently or in collusion with the prosecution.

No showing is made that in this case such interference has occurred or is likely to occur. Furthermore, the possibilities of such interference is not distinctive to nonresidents. A resident of this state accused of a criminal offense who is also sued civilly upon facts giving rise to the criminal prosecution is exposed to the same publicity and burdens of defending himself. No reason is suggested or occurs to us to favor the nonresident defendant over the resident defendant and at the same time to disfavor the private litigant who is entitled to redress. Furthermore, any occurrence which gives rise to wide publicity is not confined to the boundaries of a single state. No impediment prevents plaintiffs from suing appellants in Illinois, and there is no reason to believe that the attendant publicity of such an action during the pendency of the criminal proceedings in this state would not be made widely known here. Finally, as to the time consumed in defending the civil action, even if the suit commenced in this state did not arise out of the same facts as the criminal proceeding, the same arguments urging immunity could be made despite our prior decision in State v. Taran, *supra*.

We are not persuaded to enlarge the scope of immunity beyond that provided by the statute.

Affirmed.