The appointment having been made under a petition which averred that Butt was incompetent by reason of advanced age and mental infirmity, to take care of and preserve his property, we are led to the conclusion that the court so found, and it is not difficult for us to make application of the decisions heretofore quoted. On the whole we are constrained to find that the plaintiffs are entitled to the relief prayed for in their petition, and an entry may be drawn accordingly.

---

## SERVICE OF SUMMONS UPON ONE WHO HAS BEEN EXTRADITED.

Common Pleas Court of Cuyahoga County.

ANNA LOTZ v. HARRY LOTZ.

Decided, May 11. 1921.

*Summons—May be Set Aside when Served on One Who has been Indicted—Good Faith in Bringing the Accused into the Jurisdiction does not Validate Summons in a Civil Suit.*

1. A non-resident charged with crime and brought within this jurisdiction by compulsory process is exempt from service of civil process while coming into the jurisdiction, while necessarily in attendance upon the court, and while returning to his place of residence, provided no unnecessary delay occurs in returning.

2. The fact that the criminal prosecution was instituted in good faith does not vary the rule to render valid service made upon such non-resident witness so within the jurisdiction.

KRAMER, J.

It appears in this case that the plaintiff and defendant were married in the state of Pennsylvania, and lived there for some eighteen years. On account of differences which arose between

them, the plaintiff left the defendant, established a residence in Ohio, and brought this suit against the defendant for divorce and alimony. The defendant has at all times maintained his domicile and residence in the state of Pennsylvania.

Subsequent to the filing of this action, upon the complaint of the plaintiff herein, the defendant was indicted by the grand jury of Cuyahoga county, for neglect of his minor child, and was extradited into this jurisdiction. He was duly brought to trial, and found guilty.

When the defendant was brought into this jurisdiction, he was confined in a county jail, and while so confined, he was served with summons in this action.

The defendant now moves the court to quash the summons and service so made.

The issue raised is whether summons can legally be served in a civil action upon a resident of another state who has been brought into this state by extradition to answer to a criminal charge, while the defendant is in jail awaiting trial upon such charge, the complainant in the criminal action and the plaintiff in the civil action in which service is sought to be made, being the same person.

The facts show that the criminal prosecution was instigated in good faith, so that the question of fraud in procuring extradition for the purpose of serving summons in the civil action is not in this case.

The question so raised, as above noted, does not appear open to discussion in this state. In the case of *Compton, Ault & Co. v. Wilder*, 40 O. S., 130, the syllabus is:

"W., a citizen of Pennsylvania, was extradited from that state, upon a requisition issued by the governor of Ohio, upon application of C., A. & Co., in a criminal prosecution instituted by them in Hamilton county. *Held*, that the service of a summons and an order of arrest, issued in a civil action brought by C., A. & Co. against W., and made upon W., directly after he had entered into a recognizance to appear before the court of common pleas, at its next term, and before conviction, and before he had an opportunity to return to his home, was rightfully set aside."

The plaintiff attempts to avoid the authority of this case, by alleging that the decision was based upon the proposition that the extradition was procured by fraud, and points to the language of the court in the opinion, on page 133. Both the syllabus and the opinion of the court appear to negative this claim. The court says nothing in its statement of the facts, indicating that it finds that there was any actual fraud in the extradition of the defendant, Wilder, and it appears that he had not yet been tried upon the criminal charge upon which he was extradited, when this decision was rendered. If there is any consideration of the question of fraud in the case, it is found in the holding of the court that the service by Compton, Ault & Co. in their civil action was in bad faith, when made while the defendant was in this state by virtue of the extradition process. On pages 132 and 133 the court says:

"In this case, this machinery was set in motion by Compton, Ault & Co., by their application to the Governor of Ohio. Good faith upon the part of these applicants, and good faith upon the part of Ohio, toward the surrendering state, demanded that Wilder, having been by force brought into Ohio for a specific purpose, should not be deprived of any rights except such as he had forfeited by the commission of the alleged crime * * *.

"It was bad faith in Compton, Ault & Co. to commence a civil action, and attempt to serve a summons and order of arrest therein, upon Wilder, before conviction, and before he had an opportunity to return to his home. It would become bad faith in this state if her courts should make such service effective."

The foregoing case is cited by our circuit court, in the case of *Wm. B. White* v. *Arthur G. Marshall,* 3 O. C. C. (N. S.), 495, at page 498, where it is said:

"It has been determined in this state, by the highest court, that if a non-resident is charged with crime, and brought within the jurisdiction of the court by compulsory process, he is exempt from service of civil process, while coming into the jurisdiction, while necessarily in attendance upon the court, and while returning to his place of residence, provided no unnecessary delay occurs in returning. (*Compton, Ault & Co.* v. *Wilder,* 40 O. S., 130.) The authorities at the present time

are quite uniform in holding upon this question, and many of the authorities state that the bringing of such action is unlawful. They mean, however, nothing more by that, than if the defendant objects to the jurisdiction of the court over him, he is entitled to have the summons in the case dismissed as to him, and if a *capias* has been issued and served, he is entitled to have the same set aside, and it is not intended to say that it is unlawful, because it is prohibited by positive law, nor in that sense.''

There is nothing in this language to suggest that the circuit court considered that actual fraud, or bad faith, was involved in the decision of the Compton case.

The authorities in the different states are not uniform upon this question, and the case *Ex parte Henderson,* Supreme Court of North Dakota, 145 N. W. Rep., 574, cited by the plaintiff herein, shows the rule in Dakota to be different from that in Ohio. The court, in that case (p. 577) recognizes that there are two opposing lines of authority, and cites the Compton case, *supra,* among the cases which it recognizes as being contrary to its holding.

The motion to quash service is, therefore, granted.

Plaintiff, Anna Lotz, excepts.